THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL R. DOOLEN, SR., Appellant.—Judgment unanimously affirmed. Memorandum: In this appeal from his conviction of reckless endangerment in the first degree defendant contends, among other claims, that the trial court erred in charging *sua sponte,* that the jury could consider whether defendant was guilty of reckless endangerment. The defendant did not object to the charge nor make any request in respect of it. He raises the question for the first time on this appeal. Defendant now asserts that the crime of reckless endangerment, first degree, is not a lesser included offense of the crime of attempted assault for which he was indicted. We agree. CPL 1.20 (subd 37) defines the term "lesser included offense" as follows: "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense'. In any case in which it is legally possible to attempt to commit a crime, an attempt to commit such crime constitutes a lesser included offense with respect thereto." As we stated in *People v Flores* (42 AD2d 431, 434) "The offense must be of a lower level than the crime charged, as measured by the penalty which may be imposed, to be a lesser included offense within the statute". (See, also, *People v Hayes,* 43 AD2d 99, 101.) The fact that the charge was incorrect does not on the record before us require a reversal of the conviction. CPL 300.50 (subd 1) provides in part that "Any error respecting such submission, however, is waived by the defendant unless he objects thereto before the jury retires to deliberate" (see *People v Hille,* 42 AD2d 881; *People v Tastamara,* 40 AD2d 645). We may, of course, reverse in the interest of justice even in the absence of exception or request, as in the instant case. The evidence in the record is sufficient to sustain a conviction for reckless endangerment, first degree, and the court's charge did not confuse or prejudice the efforts of the defense. In the circumstances, this is not a proper case for reversal in the interest of justice. We have examined defendant's other claims of error and find them to be without merit. (Appeal from judgment of Herkimer County Court—reckless endangerment, first degree.) Present—Cardamone, J. P., Simons, Dillon, Goldman and Witmer, JJ.