*69 OPINION OF THE COURT
Sheryl L. Parker, J.
Each of the above-named defendants stands charged with loitering for the purpose of engaging in a prostitution offense (Penal Law § 240.37 [2]). Each defendant has moved to dismiss the information on the ground that it is facially insufficient. These cases are joined for the purposes of this decision since the issue in each case is identical.
An information must allege nonhearsay facts which, if true, establish every element of the offense charged. (CPL 100.40 [1] [c].) In the instant cases, the informations which charge the defendants with loitering for the purpose of engaging in a prostitution offense must establish that each defendant remained in a public place and repeatedly stopped or attempted to stop passersby for the purpose of prostitution. (Penal Law § 240.37 [2].)
In each of these cases, the defendants allege that the informations fail to adequately establish that the conduct of the defendants was for the purpose of prostitution. The Court of Appeals held in People v Smith (44 NY2d 613, 621 [1978]) that this statute “does not authorize an arrest or conviction based on simple loitering by a known prostitute or anyone else; rather, it requires loitering plus additional objective conduct evincing that the observed activities are for the purpose of prostitution”.
There is no question that an information which simply alleges that a defendant stopped and/or conversed with motorists over a 15-minute period is insufficient. (People v White, NYLJ, Jan. 26, 1989, at 22, col 6 [App Term, 1st Dept].) However, informations have been held to be sufficient by the appellate courts where additional facts have been alleged. For example, in People v White, the additional factors that the defendant was a known prostitute in an area known for prostitution-related activities rendered the information sufficient. Other facts which have contributed to the sufficiency of informations include observations that only males were stopped (People v Jones, NYLJ, Sept. 20, 1989, at 21, col 2 [App Term, 1st Dept]; People v Byrd, NYLJ, May 18, 1990, at 21, col 4 [App Term, 1st Dept]); no females were stopped (People v Jones, supra); the location was known for prostitution-related activities (People v Byrd, supra); and the defendant wore provocative clothing (People v White, NYLJ, Sept. 4, 1986, at 11, col 2 [Crim Ct, Bronx County]; People v Jones, supra; People v Byrd, supra).
*70 There is no requirement that any one or any particular combination of these additional factors must be included in order to make an information sufficient. For example, courts have held that an information is facially sufficient when it has been alleged, among other things, that the defendant is a known prostitute. (People v White, NYLJ, Jan. 26, 1989, at 22, col 6 [App Term, 1st Dept], supra; People v Jones, supra.) However, the fact that an individual has previously been arrested for, or convicted of a prostitution-related offense does not, in and of itself, establish that a person is loitering for the purpose of prostitution. (People v Smith, supra.) "It is fundamental that evidence of uncharged crimes is not admissible if the sole purpose is to show that the defendant was predisposed to commit the crime charged”. (People v Allweiss, 48 NY2d 40, 46.) Moreover, an appellate court has found an information to be facially sufficient without an allegation that the defendant was a known prostitute. (People v Byrd, supra.)
Another factor which has been considered in determining the sufficiency of an information is the clothing worn by the defendant. Although there may be disagreement as to what constitutes "provocative” clothing, certain types of clothing may, when considered in conjunction with other facts alleged, provide circumstantial evidence that the observed conduct was for the purpose of prostitution. For example, the fact that a defendant did not wear pants (People v White, NYLJ, Sept. 4, 1986, at 11, col 2 [Crim Ct, Bronx County], affd in part NYLJ, Jan. 26, 1989, at 22, col 6 [App Term, 1st Dept], supra); or that a male defendant wore a black skirt and black bra (People v Jones, supra); or that a defendant wore scanty clothing exposing her buttocks (People v Byrd, supra) was used, along with other factors, to establish that each defendant was loitering for the purpose of prostitution. However, in other informations, the description of the defendant’s clothing added nothing probative. (People v White, supra.)
In each of the instant cases, the factual portions of the informations state that the police officers observed the defendants loiter and wander about for a specified period of time during which the defendants beckoned to passing traffic and stopped a specified number of male motorists. In order to establish that the defendants were engaged in these activities for the purpose of prostitution, each information states that the specified locations are frequented by people engaging in prostitution, the promotion of prostitution and the patronizing of prostitutes; that the defendants were in the middle of the *71 streets; that the defendants did not approach femalé passersby or motorists in the area; that there were no open stores or restaurants; and that the defendants were not waiting in a bus stop or taxi stand. Additionally, the information in Jones (supra) states that she was wearing a black leopard two-piece bathing suit and high heels. The information in Maldonado (supra) states that she was wearing a white mini dress and white heels. The information in Koss (supra) states that she was wearing a red tank top, blue jeans and brown shoes.
The conduct set forth in each of these informations establishes every element of the offense charged and, in particular, that each defendant loitered for the purpose of engaging in a prostitution offense.
In People v White, the only case in which dismissals of informations for facial insufficiency charging loitering for the purpose of engaging in a prostitution offense (Penal Law § 240.37) were upheld by the appellate court, the informations did not indicate that the motorists stopped were males or the number of motorists stopped; the description of the defendants’ clothing added nothing; and there was a question as to the credibility of facts provided by the arresting officers. (People v White, NYLJ, Sept. 4, 1986, at 11, col 2 [Crim Ct, Bronx County], affd in part NYLJ, Jan. 26, 1989, at 22, col 6 [App Term, 1st Dept], supra.)
The instant cases are quite different. Each information states that a specified number of male motorists were stopped but no female motorists were stopped, and indicates that the areas are known for prostitution-related activity. Other factors in these informations, but absent from the dismissed informations in White (supra) include the allegations that the defendants were standing in the middle of the streets, that there were no open stores or restaurants and that the defendants were not waiting in a bus stop or taxi stand.
The instant informations include a description of each defendant’s clothing. In Jones (supra) the description of the defendant’s clothing (two-piece black leopard bathing suit and high heels) is relevant in establishing the defendant’s purpose for loitering. In Maldonado (supra) and Koss (supra) the descriptions of the defendants’ attire are merely superfluous.
Accordingly, each defendant’s motion to dismiss the accusatory instrument is denied.