*1081 OPINION OF THE COURT
Joseph A. Grosso, J.
The defendant, charged with loitering for the purpose of engaging in a prostitution offense (Penal Law § 240.37 [2]) and disorderly conduct (Penal Law § 240.20 [5]), moves for an order dismissing the accusatory instrument as facially insufficient.
The salient facts alleged in the affidavit are as follows:
(a) the deponent observed the defendant for 20 minutes;
(b) there have been more than 20 arrests for prostitution at this location in a two-week period;
(c) the defendant stopped three vehicles driven by lone male motorists and carried on conversations with them;
(d) that this location was not a livery location;
(e) that by doing so, vehicular traffic was obstructed.
Penal Law § 240.37 (2) authorizes enhanced criminal exposure by elevating the grade of crime charged from a violation to a misdemeanor if the defendant has been convicted previously of either: (1) loitering for the purpose of engaging in a prostitution offense (Penal Law § 240.37 [2]); (2) prostitution (Penal Law § 230.00); or (3) patronizing a prostitute in the second degree (Penal Law § 230.05).
The first and most crucial issue is to determine how, as a matter of pleading, the prior conviction is to be brought before the court in order for the Penal Law § 240.37 charge to be treated as a misdemeanor. Simply put, is it enough that a prior conviction for any of the above-designated offenses appear in the defendant’s criminal history sheet or must the prosecutor file a special information or second crime offender statement in those cases where exposure to enhanced criminal liability is sought?
Neither the CPL nor any reported decisions which I have reviewed specifically establish or define the procedural mechanism for pleading and proving the prior conviction in cases such as this.
In viewing the over-all enhanced sentencing provisions in CPL article 400, it is clear that the Legislature requires the prosecutor to file a statement detailing the prior conviction in all cases where a defendant is to be treated as a predicate or persistent offender.
CPL 200.60, in its treatment of indictments, provides in pertinent part, that where a prior conviction raises the level of an offense from a lower grade to a higher grade, the prior *1082 conviction becomes an element of the crime. In such cases, the prior conviction cannot be pleaded in the indictment itself, but rather the People must file a special information charging the prior conviction in order to establish the higher grade crime (see, People v Cooper, 78 NY2d 476 [1991]).
It is clear from a reading of Penal Law § 240.37 (2) that a prior conviction for either of the three designated offenses is a required element if the People wish to prosecute the present charge as a class B misdemeanor rather than as a violation. In view of the legislative intent in other enhanced pleading and sentencing provisions of the CPL and Penal Law favoring specific notice to a defendant by the prosecutor where a prior conviction is to be used either to increase the grade of the offense or increase the exposure to incarceration, I hold that in those cases where the People seek to prosecute Penal Law § 240.37 (2) as a class B misdemeanor that a special information pursuant to CPL 200.60 must be filed (see, e.g., People v Cooper, 78 NY2d 476, supra). I note in passing that no special information is required where the defendant admits the prior conviction during a plea allocution (see, People v Smart, 190 AD2d 942 [3d Dept 1993]).
Thus, in the case before me, the defendant, at this point in the criminal proceeding, faces exposure to Penal Law § 240.37 as a violation only, not as a class B misdemeanor. Not only does this ruling impact on the potential sentence in the event of conviction and the speedy trial requirements of CPL 30.30 but, as raised here, the very sufficiency of the pleadings.
By holding that this accusatory instrument charges a violation rather than a misdemeanor, the People are held to the more stringent "prima facie” case required for an information as opposed to a "reasonable cause” required for a misdemeanor complaint standard (compare, CPL 100.10 [1], and CPL 100.10 [3]; see, People v Alejandro, 70 NY2d 133 [1987]).
There are few appellate decisions to provide guidance as to what constitutes a facially sufficient Penal Law § 240.37 (2) pleading (see, e.g., People v Jones, NYLJ, Sept. 20, 1989, at 21, col 2 [App Term, 1st Dept]; People v White, NYLJ, Jan. 26, 1989, at 22, col 6 [App Term, 1st Dept]; People v Byrd, NYLJ, May 18, 1990 at 21, col 4 [App Term, 2d Dept]).
Qualifying certain elements that can be extracted from these cases are:
(a) wandering about a known prostitution location for a period of time;
*1083 (b) stopping a number of motorists and engaging in conversation;
(c) the type of clothing worn by the individual engaging in such conduct.
Lower court decisions have refined and added certain qualifying factors:
(a) only individuals of the opposite sex were approached.
(b) no commercial or transportation facilities were present or open for business at the time the individual was observed in the location (see, People v Koss, 153 Misc 2d 68 [Crim Ct, NY County 1992], and cases cited therein).
I believe that one additional qualifying factor is required to be pleaded in addition to all or some of those listed above in order for a facially sufficient information for this charge — a so-called "Dumas” element (see, People v Dumas, 68 NY2d 729 [1986]). I believe that given the factors normally pleaded to sustain the charge of Penal Law § 240.37 (2), it is only by an assessment of the officer/deponent’s training and experience in identifying prostitution and prostitution-related activity that a prima facie case can be established within the four corners of the affidavit. The Court of Appeals in upholding the constitutionality of Penal Law § 240.37 (2) stated, in substance, that it would be a simple task for any trained law enforcement officer to differentiate between casual street encounters and a series of acts of solicitation for prostitution and forms the basis for this conclusion (People v Smith, 44 NY2d 613, 621 [1978]).
Accordingly, I conclude that the accusatory instrument in this case in its failure to plead the aggravating element of a prior conviction charges a violation only; that a violation must be pleaded as an information from its inception pursuant to CPL 100.10 (1) and thus establish a prima facie case by the factual allegations contained in the affidavit and any supporting depositions filed simultaneously with the affidavit; that the instant affidavit by not including a Dumas element establishes, at most, the reasonable cause standard for a misdemeanor complaint.
*1084 Therefore, and for the reasons of Penal Law § 240.37 contained herein, the count is dismissed as defective with leave to the People to file a superseding instrument pursuant to the standards listed in this decision if there are facts upon which this can be accomplished. The disorderly conduct count is sufficiently pleaded.