OPINION OF THE COURT
Ann E. Pfeiffer, J.
Defendant was charged by simplified information with two *975 counts of driving while intoxicated. At the conclusion of defendant’s trial, the People requested that the court charge the jury on driving while ability impaired as a lesser included offense of driving while intoxicated. The court gave the requested charge over defendant’s objection. The jury acquitted defendant of both counts of driving while intoxicated (hereafter DWI) and convicted him of the lesser included offense of driving while ability impaired (hereafter DWAI).
The People argue at sentencing that Vehicle and Traffic Law § 1193 (1) (a) mandates that defendant, who has been convicted of two prior drinking-driving offenses in violation of Vehicle and Traffic Law § 1192 within the previous 10 years, be sentenced for DWAI as a misdemeanor.*
There was no proof offered at trial concerning defendant’s prior offenses. The People argue that CPL 400.40 permits proof of defendant’s prior drinking-driving convictions at a posttrial proceeding. Defendant argues that what the jury convicted him of was DWAI as a traffic infraction, since his prior offenses were not pleaded or proven at trial through the use of a special information. In the alternative, defendant contends that his prior offenses must be alleged and proven, if contested, by way of a "second crime offender” information (a procedure previously described in CPL former 400.14, which expired Nov. 1, 1990).
At trial, the People requested that the jury be instructed on DWAI as a lesser included offense of DWI; they now contend that defendant’s DWAI conviction may be punished as a mis *976 demeanor. However, misdemeanor DWAI is not a lesser included offense of DWI, for two reasons. First, since both offenses are unclassified misdemeanors, DWAI is not a "lesser” offense (People v Doolen, 56 AD2d 729). Second, misdemeanor DWAI requires proof of an element not required by the greater offense (the existence of two prior offenses within the preceding 10 years) and it is therefore not "theoretically impossible to commit the greater crime without at the same time committing the lesser” (People v Glover, 57 NY2d 61, 64; People v Green, 56 NY2d 427). Consequently, misdemeanor DWAI cannot be a lesser included offense of misdemeanor DWI; it is an inclusory concurrent offense. In this case, when the People requested that the jury be charged on the lesser included offense of DWAI, their request must necessarily have been a request for a charge on DWAI as a traffic infraction.
However, the People now argue that CPL 400.40 and Vehicle and Traffic Law § 1193 (1), when read together, provide that a defendant may be punished for DWAI as a misdemeanor, upon proof at a posttrial proceeding that the defendant was convicted of two prior drinking-driving convictions within the preceding 10 years. CPL 400.40 provides for the aggravation of a defendant’s sentence in the case of a conviction for a traffic infraction or unclassified misdemeanor, based upon proof of the existence of prior convictions. CPL 400.40, like the remaining sections of CPL article 400 (relating to posttrial proceedings to determine whether a defendant is a second felony, second violent felony, persistent felony, or persistent violent felony offender), permits proof of prior convictions for the purpose of aggravating the defendant’s sentence, and the provisions of article 400 describe the manner in which that proof may be offered.
. CPL article 400 relates only to enhancement of a defendant’s permissible sentence based on the establishment of the existence of prior convictions; it does not provide for posttrial proceedings which elevate the level of the conviction. In the case of felony offenses, CPL 200.60 (1) provides that where the existence of prior convictions determine the level of the crime, proof of the prior convictions is an element of the crime charged: "[w]hen the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade * * * [that fact] * * * becomes an element of the latter” (see also, People v Van Buren, 82 NY2d 878; People v Cooper, 78 NY2d 476; People v Vollick, 148 AD2d 950, affd 75 NY2d 877). There is no analogous statute applicable to *977 offenses elevated to misdemeanor status by virtue of one or more prior convictions, however, case law and the drafting of the applicable misdemeanor statutes have made clear that in such cases proof of a prior conviction which elevates the level of the offense is also an element of the elevated misdemeanor offense (see, People v Denise L., 159 Misc 2d 1080 [loitering for the purpose of engaging in a prostitution offense, Penal Law § 240.37 (2)]; People v Garcia, 163 Misc 2d 862 [aggravated unlicensed operation of a motor vehicle in the second degree, Vehicle and Traffic Law § 511 (2) (a)]; see also, Penal Law § 240.30 [4] [aggravated harassment in the second degree]; compare, Penal Law § 221.05 [unlawful possession of marihuana]).
It is improper to remove any element of an offense from the jury’s consideration, unless that element has been admitted by the defendant (People v Lewis, 64 NY2d 1031; People v Walker, 198 NY 329, 334; see also, People v Steele, 26 NY2d 526, 529; People v Brady, 16 NY2d 186, 189-190; CPL 200.60 [3]). In the case at bar, defendant did not admit any prior violations of Vehicle and Traffic Law § 1192; the existence of two Vehicle and Traffic Law § 1192 convictions within the preceding 10 years was therefore an element of misdemeanor DWAI to be determined by the jury. Since the People presented no proof of this element at trial, they may not do so now (People v Minnis, 101 AD2d 739; People v Ireland, 47 AD2d 580). CPL 400.40 is inapplicable where, as in this case, the existence of defendant’s prior convictions elevate the level of the offense, and are therefore an element of the elevated offense which must be admitted by the defendant or proven to the satisfaction of the finder of fact at trial.
However, where a defendant is convicted of DWAI as a traffic infraction, as in this case, the People may submit proof at a posttrial proceeding of the existence of a prior Vehicle and Traffic Law § 1192 conviction within the preceding five years. Pursuant to Vehicle and Traffic Law § 1193 (1), the existence of such prior conviction aggravates the sentence which defendant may receive for DWAI as a traffic infraction without elevating the level of the offense to a misdemeanor. In that case, the prior conviction is not an element of the offense of the present offense (which would elevate the level of the offense itself), but goes only to determination of the permissible sentence for the offense and is therefore an appropriate subject for a CPL article 400 posttrial proceeding.
Defendant argues that to convict him of misdemeanor DWAI the People were required to plead the existence of his prior of *978 fenses by way of a special information (a procedure sanctioned by CPL 200.60 in the case of felony offenses, but for which there is no statutory authority in the case of a misdemeanor offense). Defendant’s argument is more properly addressed to a case where the People seek a conviction for misdemeanor DWAI as the only offense, or as an inclusory concurrent offense. Because in this case the People requested that the jury be charged on DWAI as a lesser included offense of DWI (which, by definition, must be "traffic infraction DWAI”), the court need not reach defendant’s argument concerning the use of a special information.
For these reasons, the People’s motion to plead and prove the existence of two prior Vehicle and Traffic Law § 1192 convictions within the preceding 10 years pursuant to CPL 400.40 is denied. Defendant will be sentenced for DWAI as a traffic infraction, the lesser included offense for which the jury convicted him. The People may, however, seek to prove the existence of one prior Vehicle and Traffic Law § 1192 conviction within the preceding five years, thereby enhancing the sentence which defendant may receive, as provided by Vehicle and Traffic Law § 1193 (1) and CPL 400.40.

 Vehicle and Traffic Law § 1193 (1) reads: "1. Criminal penalties, (a) Driving while ability impaired. A violation of subdivision one of section eleven hundred ninety-two of this article shall he a traffic infraction and shall be punishable by a fine of not less than three hundred dollars nor more than five hundred dollars or by imprisonment in a penitentiary or county jail for not more than fifteen days, or by both such fine and imprisonment. A person who operates a vehicle in violation of such subdivision after having been convicted of a violation of any subdivision of section eleven hundred ninety-two of this article within the preceding five years shall be punished by a fine of not less than five hundred dollars nor more than seven hundred fifty dollars, or by imprisonment of not more than thirty days in a penitentiary or county jail or by both such fine and imprisonment. A person who operates a vehicle in violation of such subdivision after having been convicted two or more times of a violation of any subdivision of section eleven hundred ninety-two of this article within the preceding ten years shall be guilty of a misdemeanor, and shall be punished by a fine of not less than seven hundred fifty dollars nor more than fifteen hundred dollars, or by imprisonment of not more than one hundred eighty days in a penitentiary or county jail or by both such fine and imprisonment” (emphasis added).