OPINION OF THE COURT
Marjorie L. Byrnes, J.
The defendant was charged in Rochester City Court with driving while ability impaired (Vehicle and Traffic Law § 1192 [1]; § 1193 [1]). Filed with the court was a simplified traffic information, a supporting deposition entitled "NYS V & T Law Section 1192 Subdivision 1”, a supporting deposition entitled "Breath Test Administration” and a supporting deposition from Mary W. Scott. Also filed with the court was a Department of Motor Vehicles (DMV) teletype of the defendant’s driving record. The simplified traffic information indicates that the defendant stands charged with driving while ability impaired as a misdemeanor.
The defendant brought a motion to dismiss the simplified traffic information. The defendant contends that, to support the misdemeanor charge, the simplified information must allege two or more convictions of Vehicle and Traffic Law § 1192 within the preceding 10 years (Vehicle and Traffic Law § 1193 *242 [1]). The defendant asserts that the factual allegations contained in the supporting depositions which accompanied the simplified information do not allege two or more convictions, and therefore, the simplified information charging driving while ability impaired (hereinafter DWAI) as a misdemeanor is facially insufficient.
The defendant also moves for dismissal of the accusatory instrument in the furtherance of justice (CPL 170.40 [1]). The defendant notes that his alleged blood alcohol content was .06% "Given the tolerance and errors of the test instrument and, assuming the test was flawlessly conducted, the blood alcohol content might have been .04% which is evidence of nothing” (affidavit of Paul Whitbeck, Esq., dated Jan. 16, 1997).
The People oppose the defendant’s motions. Specifically, the People contend that the prior convictions do not have to be pleaded; they merely elevate the level of the offense for sentencing purposes. The People rely on CPL 400.40 to support their position.
The first issue is whether the accusatory instrument must allege two or more convictions of Vehicle and Traffic Law § 1192 within the preceding 10 years.
ELEMENTS OF MISDEMEANOR DWAI
Pursuant to the Vehicle and Traffic Law, "[n]o person shall operate a motor vehicle while the person’s ability to operate such motor vehicle is impaired by the consumption of alcohol” (Vehicle and Traffic Law § 1192 [1]). A violation of this section is usually a traffic infraction (Vehicle and Traffic Law § 1193 [1]). However, the law provides that "[a] person who operates a vehicle in violation of such subdivision after having been convicted two or more times of a violation of any subdivision of section eleven hundred ninety-two of this article within the preceding ten years shall be guilty of a misdemeanor” (Vehicle and Traffic Law § 1193 [1]).
When a defendant’s prior convictions raise the level of the offense, they become an element of the higher level offense (e.g., People v Van Buren, 82 NY2d 878; People v Cooper, 78 NY2d 476; People v Ramjattan, 217 AD2d 597; People v Gardner, 176 AD2d 1230; People v Ireland, 47 AD2d 580; People v Jamison, 170 Misc 2d 974; People v Denise L., 159 Misc 2d 1080). Therefore, "having been convicted two or more times of a violation of any subdivision of section eleven hundred ninety-two * * * within the preceding ten years” is a necessary element of DWAI as a misdemeanor (Vehicle and Traffic Law § 1193 [1]). As such, it must be pleaded in the accusatory instrument.
*243 The People’s assertion that the prior convictions merely raise the level of the offense for sentencing purposes, citing CPL 400.40, is misplaced. CPL 400.40 establishes a procedure for the enhancement of authorized sentences in certain circumstances based upon prior convictions (CPL 400.40). However, "it does not provide for posttrial proceedings which elevate the level of the conviction” (People v Jamison, supra, at 976).
If CPL 400.40 were interpreted as the People suggest, defendants would be denied rights afforded under our law. DWAI is, without factual allegations of the requisite prior convictions, a violation of law (Vehicle and Traffic Law § 1193 [1]). A defendant charged with a violation of law has no right to a jury trial. Therefore, a defendant charged with DWAI as a violation would be tried by a single Judge. Posttrial, however, the People could allege prior convictions, thereby elevating the level of the offense to a misdemeanor. This interpretation would deny a defendant facing a criminal conviction the right to a jury trial. As the People’s interpretation would deny defendants basic safeguards and rights found in the law, the People’s position is flawed and unacceptable.[1]
Therefore, when DWAI is charged as a misdemeanor, the accusatory instrument must allege the requisite prior convictions along with the other elements of the offense.
PROCEDURAL MECHANISM TO ALLEGE PRIOR CONVICTIONS
Having determined that the requisite prior convictions are an element of the offense and must be pleaded, the next issue involves the procedural mechanism for pleading the prior convictions. The defense suggests that the People are required to allege prior convictions by filing a "special information”.
A "special information” is a statutory creature found in CPL 200.60. CPL 200.60 states, in sum and substance, that an indictment may not allege a prior conviction, though the prior conviction is an element of the crime (CPL 200.60 [1]). Instead, a "special information” alleging such prior convictions must accompany the indictment (CPL 200.60 [2]). This statute applies only to indictments and arguably prosecutor’s informations (see, CPL 100.35, 100.40 [3]; 200.60)._
*244 There is no similar statute mandating the filing of a "special information” when an information, misdemeanor complaint or simplified information is filed in local court (CPL 100.40). Instead, when an information, misdemeanor complaint or simplified information is involved, the statute specifies what constitutes a given accusatory instrument and what must be contained within that accusatory instrument (CPL 100.40). This court is not at liberty to change statutory requirements[2] (but see, People v Denise L., 159 Misc 2d 1080, supra [special information needed to charge loitering for the purpose of prostitution as a misdemeanor]).
Furthermore, there is no need for this special procedure in local court.[3] When a prior conviction is an element of an offense, the prior conviction may simply be alleged in the accusatory instrument or any supporting deposition accompanying it. This procedure is routinely used in this jurisdiction.[4]
*245 It should also be noted that alleging prior convictions within local court accusatory instruments does not prejudice defendants. The procedural due process considerations inherent in CPL 200.60 apply in local court even if the statute does not. A defendant may still admit to the prior conviction outside the presence of the jury (cf., People v Cooper, 78 NY2d 476, supra; People v Drumgoole, 234 AD2d 888; People v Reid, 232 AD2d 173; People v Cloyce, 220 AD2d 329, lv denied 87 NY2d 920; People v Boyles, 210 AD2d 732). If a defendant admits the prior conviction, that element of the offense is established and no evidence in support of it may be introduced at trial and the court must submit the case to the jury without reference to the prior conviction. However, if the defendant denies the prior conviction or remains mute, the People may prove that element before the jury as part of their case (see, e.g, People v Cooper, 78 NY2d 476, supra; People v Ireland, 47 AD2d 580, supra; CPL 200.60).
Therefore, CPL 200.60 does not apply to informations, misdemeanor complaints or simplified informations. The court must determine facial sufficiency by strict adherence to CPL 100.40.
SUFFICIENCY OF SIMPLIFIED INFORMATION
According to CPL 100.40 (2), a simplified information is facially sufficient when it substantially conforms to the form prescribed by the Commissioner of Motor Vehicles and supporting depositions timely filed therewith contain allegations of fact, based either upon personal knowledge or information and belief, that provide reasonable cause to believe that the defendant committed the offense charged (CPL 100.25 [2]; 100.40 [2]). "Reasonable cause” exists when: "information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it” (CPL 70.10 [2]). Facts constituting every element of the offense charged must be factually alleged (People v Baron, 107 Misc 2d 59). This includes the element of two or more convictions for a violation of any subdivision of section 1192 within the preceding 10 years (Vehicle and Traffic Law § 1193 [1]).
 The deposition of Mary Scott states that she is a probation officer and that the defendant is her probationer. Ms. Scott *246 further states that the defendant is on probation for a felony driving while intoxicated (hereinafter DWI) conviction. He was sentenced to probation on July 25, 1995. There is no indication when the predicate DWI offense occurred. It is possible that the predicate DWI offense occurred outside the 10-year period prescribed by Vehicle and Traffic Law § 1193 (1). Therefore, this court cannot automatically conclude that the defendant has two or more prior convictions within the 10-year period necessary to charge DWAI as a misdemeanor. Ms. Scott’s deposition is the only deposition that refers to any prior convictions.[5]
Therefore, the simplified information and accompanying depositions fail to establish an element of the offense and the simplified information is facially insufficient.
As the simplified information is facially insufficient, there is no need to determine the defendant’s motion to dismiss in furtherance of justice (CPL 170.40 [1]).
The defendant’s motion to dismiss the simplified information is granted.

. On the other hand, it would be appropriate for the People to rely on CPL 400.40 and Vehicle and Traffic Law § 1193 (1) to increase the authorized sentence for a defendant convicted of a second DWAI within five years. In that case, a prior conviction within five years increases the authorized fine and increases the authorized jail time (Vehicle and Traffic Law § 1193 [1]). It should be noted, however, that the prior conviction does not increase the level of the offense; the conviction is still for a traffic infraction (Vehicle and Traffic Law § 1193 [1]).

. If the Legislature intended CPL 200.60 to apply to local court accusatory instruments, the Legislature could have included such language in CPL article 100. The Legislature included language in CPL 100.35 referencing CPL 200.50, 200.20 and 200.40. The Legislature included language in CPL 100.45 referencing CPL 200.95. One must conclude that CPL 200.60 does not apply and was not designed to apply to local court accusatory instruments (other than, arguably, prosecutor’s informations). Further, the rules of statutory construction support this result (McKinney’s Cons Laws of NY, Book 1, Statutes § 240).
It should also be noted that, from a practical standpoint, applying CPL 200.60 to CPL article 100 would create a direct conflict with the statutory provisions already in place.
For example, pursuant to CPL 100.40 (1), an information is facially sufficient if the information and any supporting depositions accompanying it provide "reasonable cause” to believe the defendant committed the offense and the nonhearsay allegations establish every element of the offense. The statute and case law are very specific that every element must be alleged in the information (or supporting deposition accompanying it) (People v Alejandro, 70 NY2d 133; CPL 100.40 [1]). If CPL 200.60 applied to an information, thereby requiring the filing of a "special information” to allege the element of a prior conviction, then all elements would not be alleged in a single information; the information(s) would then be facially insufficient.

. Unlike indictments filed in superior court, local court accusatory instruments may be supplemented with supporting depositions. Therefore, in local court, a supporting deposition alleging a prior conviction serves the same purpose as a special information in superior court, thereby obviating the need for special informations in local court.

. For example, informations charging loitering for the purpose of prostitution as a misdemeanor allege that the defendant had the requisite prior conviction needed to elevate the level of the offense. Supporting depositions filed in connection with aggravated unlicensed operation in the second degree charges pursuant to Vehicle and Traffic Law § 511 (2) allege that the *245 defendant had the requisite prior conviction for aggravated unlicensed operation in the third degree.

. [4] The court cannot consider the DMV teletype in determining facial sufficiency on the grounds that CPL 100.40 (2) constrains the court to reviewing the simplified information and supporting depositions. The DMV teletype is not referenced in any of those documents and by its nature is not itself a simplified information or supporting deposition as those terms are defined (CPL 1.20 [5]; 100.20, 100.25 [1], [2]).