OPINION OF THE COURT
Margaret J. Finerty, J.
Defendant is charged in this misdemeanor information with one count of loitering for the purpose of engaging in a prostitution offense, in violation of Penal Law § 240.37 (2), as a B misdemeanor. Defendant moves for dismissal of the accusatory instrument for facial insufficiency pursuant to CPL 170.35 (1) (a).
With respect to this motion, defendant sets forth two arguments. Firstly, defendant argues that the information fails to allege an essential element of the charge of loitering for the purpose of engaging in a prostitution offense as a B misdemeanor, because it fails to state that defendant has previously been convicted of a violation of this section or of section 230.00 or 230.05 of the Penal Law. Secondly, defendant claims that even if the information sets forth all the essential elements, the factual allegations do not support the charge, as required by CPL 100.15 (3).
It is well established that in order for a misdemeanor information to be facially sufficient, it must allege facts of an evidentiary character supporting or tending to support the charges. (CPL 100.15 [3]; People v Dumas, 68 NY2d 729, 731 [1986].) Likewise, nonhearsay allegations set forth in the factual part of the information and any supporting depositions must provide reasonable cause to believe that the defendant *659 committed every element of the offense charged. (CPL 100.40; People v Alejandro, 70 NY2d 133 [1987].)
The court will first address defendant’s claim that the information fails to allege an essential element of the crime, namely that defendant has previously been convicted of a violation of Penal Law § 240.37, 230.00 or 230.05. Upon reviewing the information, nowhere does it set forth, either in the complaint or the supporting deposition, that the defendant was previously convicted of Penal Law § 240.37, 230.00 or 230.05. It does make reference to the fact that the police officer who signed the supporting deposition previously arrested defendant for a prostitution-related offense, but fails to set forth information concerning the requisite criminal conviction needed to elevate the charge of loitering for the purpose of engaging in a prostitution offense from a violation to a B misdemeanor.
The question presented to this court is whether the requirement of a previous conviction of Penal Law § 240.37, 230.00 or 230.05 needed to elevate a violation of Penal Law § 240.37 to a B misdemeanor is an essential element and, if so, is it necessary for the People to plead it in the information. The court in People v Denise L. (159 Misc 2d 1080 [Crim Ct, Queens County 1994]) was presented with this same issue. As the court noted in its decision,
“CPL 200.60, in its treatment of indictments, provides in pertinent part, that where a prior conviction raises the level of an offense from a lower grade to a higher grade, the prior conviction becomes an element of the crime * * *
“It is clear from a reading of Penal Law § 240.37 (2) that a prior conviction fot either of the three designated offenses is a required element if the People wish to prosecute the present charge as a class B misdemeanor rather than as a violation.” (159 Misc 2d, at 1081-1082.)
This court agrees that a prior conviction for Penal Law § 240.37, 230.00 or 230.05 is an element required to elevate the violation set forth in Penal Law § 240.37 to a B misdemeanor. (See also, People v Cooper, 78 NY2d 476 [1991]; People v Powlowski, 172 Misc 2d 240, 242 [Rochester City Ct 1997], and cases cited therein.) It is necessary to plead this prior conviction in order to prosecute the defendant for the B misdemeanor charge of Penal Law § 240.37. To hold otherwise would result in a situation where defendants would not have proper notice as to whether they were being charged with a violation or a crime. There are significant consequences and rights which are affected by the level of offense being charged, such as the dif *660 ference in jail time which can be imposed if convicted, and the amount of time in which the People must be ready for trial pursuant to CPL 30.30 (l).[1]
The question then arises as to the manner in which the People should plead this element. The court in People v Denise L. (supra) believed that a special information should be filed pursuant to CPL 200.60, setting forth the prior conviction. In the case of People v Powlowski (supra) the court took a different approach. The defendant was charged with Vehicle and Traffic Law § 1192 (1), driving while ability impaired as a misdemeanor, due to his prior Vehicle and Traffic Law § 1192 convictions, which caused the traffic infraction to be elevated to a misdemeanor pursuant to Vehicle and Traffic Law § 1193 (1). The court held that the prior convictions were an element of the charge, since they raised the level of the offense, but that they did not need to be charged in a special information pursuant to CPL 200.60. The court determined that it was sufficient to charge the prior conviction in the local court accusatory instrument or in a supporting deposition.
Although filing a special information may be an acceptable way to charge the prior conviction, in this type of case it is not required or necessary to do so. As noted in Powlowski (supra), CPL 200.60 applies to indictments, and arguably to prosecutor’s informations, not to an information as defined in CPL 100.40 (1). The People may easily charge a defendant’s prior conviction in the factual portion of the complaint or in a supporting deposition. This should not result in any prejudice to the defendant. In the case of a B misdemeanor charge of Penal Law § 240.37, the case is tried before a Judge, not a jury, pursuant to CPL 340.40 (2), and the trier of fact should have no difficulty basing a verdict on the facts presented at trial, and not on defendant’s prior criminal history. Furthermore, as the court pointed out in Powlowski (supra), even in a situation where a jury is the trier of fact, a defendant may still *661 admit to the prior conviction, thereby preventing evidence of said prior conviction from being presented to the jury, and preventing any possible prejudice which might flow from that fact.
Defendant, as the information currently stands, is charged with loitering for the purpose of engaging in a prostitution offense as a violation, since it does not allege a prior conviction of Penal Law § 240.37, 230.00 or 230.05. The second issue which must now be addressed is whether sufficient factual allegations are set forth in the information to support this violation.
The pertinent facts set forth in this information are the following:
(a) the incident occurred at 12:45 a.m. at 45th Street and 8th Avenue in New York County;
(b) the police officer observed defendant remain and wander about the vicinity for approximately 15 minutes, during which time she beckoned to passing traffic or motorists, stopped or attempted to stop passersby or motorists, and engaged in conversations with passersby or motorists;
(c) the location is frequented by people engaged in prostitution;
(d) the officer is experienced in the field of prostitution crimes, having made or assisted in over 200 prostitution arrests;
(e) the officer received specialized instruction in making arrests for prostitution-type offenses from the New York City Police Department;
(f) the officer has previously seen the defendant at the location on other occasions engaging in the same conduct;
(g) the officer has previously arrested defendant for a prostitution-related offense.
These allegations include the facts which the court pointed to in People v White (NYLJ, Jan. 26, 1989, at 22, col 6 [App Term, 1st Dept]), when reinstating charges of loitering for the purpose of engaging in a prostitution offense, Penal Law § 240.37, previously dismissed for facial insufficiency by the lower court. The Appellate Term highlighted the following observations of the officer: he saw defendant remain or wander about a public place, repeatedly beckoning, stopping or repeatedly attempting to engage motorists in conversation throughout a period of 15 minutes thereby obstructing the passage of vehicular traffic for the purpose of prostitution; he knew defen *662 dant to be a prostitute; and he knew the area in question was known for its prostitution-related activities. In the case before this court, there are additional factors set forth, in particular, those that relate to the officer’s experience and expertise in this field.
The officer’s training and experience, and the nature of the location, can also be extremely important factors in determining facial sufficiency in a loitering for prostitution case. In upholding the constitutionality of Penal Law § 240.37 (2), the Court of Appeals, in People v Smith (44 NY2d 613, 622 [1978]), noted: “Defendant’s observed acts, superimposed on the arresting officer’s knowledge of her previous arrest for prostitution, the general area known for its prostitution-related activities and the numerous arrests for prostitution at the spot where the operations took place, in combination furnished ‘ “a reasonable ground for belief of guilt” ’ — the gist of probable cause (see Carroll v United States, 267 US 132, 161).” In the case before this court, the information sets forth numerous factors in this regard. Specifically it states that: the area is frequented by people engaged in prostitution; the officer has seen defendant at the location on prior occasions engaging in the same conduct; the officer has previously arrested the defendant for a prostitution-related offense; the officer has received special instruction in this field from the New York City Police Department; and the officer is experienced in the field from effecting or assisting in over 200 prostitution arrests.
The court in People v Denise L. (supra), believing that the officer’s training and experience in this area were so important, ruled that facts which established the officer’s background in identifying prostitution offenses must be pleaded in order for an information charging a prostitution-related offense to be facially sufficient. It is clear that an information must state factors in addition to the basic claim that during a 15-minute period defendant stopped and conversed with motorists or passersby, in order to be facially sufficient. (People v Koss, 153 Misc 2d 68, 69 [Crim Ct, NY County 1992].) The court, in Koss, summarized, based on a review of the relevant case law, what some of these additional facts are: “defendant was a known prostitute in an area known for prostitution-related activities”; “only males were stopped”; “no females were stopped”; “the location was known for prostitution-related activities”; and “the defendant wore provocative clothing”. (153 Misc 2d, at 69.) The officer’s training and experience in prostitution-related offenses is relevant, and should, if possible, be alleged in an informa *663 tion charging this type of offense. This court agrees with the court in Koss, however, that, “There is no requirement that any one or any particular combination of these additional factors must be included in order to make an information sufficient.” (153 Misc 2d, at 70.)[2]
The facts set forth in this information provide reasonable cause to believe that the defendant was loitering for the purpose of engaging in a prostitution offense, and establish every element of the violation set forth in Penal Law § 240.37 (2). The charge of Penal Law § 240.37 (2) as a violation is therefore facially sufficient, and defendant’s motion to dismiss pursuant to CPL 170.35 (1) (a) is denied.
The foregoing constitutes the decision and order of the court.

. The People did not address in their motion response the issue of whether a prior conviction must be pleaded, either in the complaint or a supporting deposition, in order for the information to be facially sufficient. In this case the defendant had a lengthy criminal record for crimes which could have elevated the violation set forth in Penal Law § 240.37 to a B misdemeanor. The People could easily have alleged a prior conviction in the misdemeanor complaint or supporting deposition. The fact that defendant’s criminal record reveals several qualifying prior convictions does not relieve the People of the requirement that it be pleaded in the accusatory instrument, because it is an element of the B misdemeanor crime set forth in Penal Law § 240.37 (2).

. In the vast majority of these cases in New York County, the officers are experienced in making prostitution-related arrests, and these arrests are usually made in areas known for prostitution activity. These factors, if present in a particular case, should always be set forth in the information. There may be cases, however, where an officer is not experienced in this field, or observes behavior which gives him or her probable cause to make a prostitution-related arrest, but not in an area known for that type of activity. An information in such a case could still be facially sufficient if enough other factors were present.