*329 OPINION OF THE COURT
Thomas J. DiSalvo, J.
History of the Case
The defendant was originally charged with per se driving while intoxicated (Vehicle and Traffic Law § 1192 [2]) and common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). The defendant was found guilty on December 10, 2003, after a bench trial, of driving while ability impaired, in violation of Vehicle and Traffic Law § 1192 (1). The defendant was not charged with driving while ability impaired (DWAI), as a misdemeanor. The defendant was convicted of DWAI as a traffic infraction on three previous occasions as follows: Town of Webster Justice Court on January 8, 2002; City Court of Rochester on December 23, 2002; and Williamson Town Court on May 22, 2003. Thus the most recent conviction was the defendant’s fourth conviction for driving while ability impaired. Vehicle and Traffic Law § 1193 (1) (a) sets out the sanctions for driving while ability impaired, as a misdemeanor. Said section states in pertinent part:
“A person who operates a vehicle in violation of such subdivision after having been convicted two or more times of a violation of any subdivision of section eleven hundred ninety-two of this article within the preceding ten years shall be guilty of a misdemeanor, and shall be punished by a fine of not less than seven hundred fifty dollars nor more than fifteen hundred dollars, or by imprisonment of not more than one hundred eighty days in a penitentiary or county jail or by both such fine and imprisonment.”
As a result, the People maintained that the most recent conviction of DWAI in Webster Justice Court on December 10, 2003 resulted in a misdemeanor conviction because it was the fourth conviction for DWAI within 10 years. Defense counsel argues that, despite the specific language of Vehicle and Traffic Law § 1193 (1) (a), a subsequent conviction for DWAI, within 10 years, does not automatically result in a misdemeanor conviction, and that the conviction in question resulted only in a traffic infraction.
Issue Presented
Does a subsequent conviction for driving while ability impaired, in violation of Vehicle and Traffic Law § 1192 (1), *330 within 10 years, result in an automatic misdemeanor conviction?
Legal Analysis
Defense counsel cites People v Greer (189 Misc 2d 310 [App Term, 2d Dept 2001]) in support of his claim that the instant DWAI conviction resulted in a traffic infraction conviction. The Appellate Term held in that case that (at 311)
“[although originally charged with driving while intoxicated as a misdemeanor (Vehicle and Traffic Law § 1192 [2], [3]), defendant was found guilty by a jury of driving while impaired as a lesser included offense (Vehicle and Traffic Law § 1192 [1]). At the instance of the People, the court below conducted a CPL 400.40 hearing before sentencing and found that defendant had two prior convictions for driving while impaired within the previous 10 years. The justice’s return reveals that the court, on the basis of its interpretations of CPL 400.40 and Vehicle and Traffic Law § 1193, ‘elevated the charge to a misdemeanor and sentenced accordingly.’ ”
In that case the Appellate Term unanimously modified the trial court’s judgment of conviction “by reinstating the jury verdict finding defendant guilty of driving while impaired as a traffic infraction, vacating the sentence imposed, remitting the fine, if paid, and remanding for resentence.” (Greer, supra at 311.) The reason for the Appellate Term’s modification of the trial court’s judgment of conviction was that “The court below erred in concluding that it could utilize the procedure prescribed by CPL 400.40 to enhance the grade of offense from traffic infraction to misdemeanor (People v Jamison, 170 Misc 2d 974).” (Supra at 311.) In other words, CPL 400.40 cannot be used to enhance a traffic infraction to a misdemeanor. CPL 400.40, which is entitled “Procedure for determining prior convictions for the purpose of sentence in certain cases” (emphasis added), is utilized for sentencing purposes not for determining the grade of the offense.
In order for someone to be convicted of driving while ability impaired, a separate accusatory instrument must be lodged against the defendant. That accusatory instrument must specifically set out the prior convictions on which the People rely in accusing the defendant of said misdemeanor. That is essentially what the court held in People v Powlowski (172 Misc 2d 240, 242 [1997]) where it stated as follows:
*331 “When a defendant’s prior convictions raise the level of the offense, they become an element of the higher level offense (e.g., People v Van Buren, 82 NY2d 878; People v Cooper, 78 NY2d 476; People v Ramjattan, 217 AD2d 597; People v Gardner, 176 AD2d 1230; People v Ireland, 47 AD2d 580; People v Jamison, 170 Misc 2d 974; People v Denise L., 159 Misc 2d 1080). Therefore, ‘having been convicted two or more times of a violation of any subdivision of section eleven hundred ninety-two . . . within the preceding ten years’ is a necessary element of DWAI as a misdemeanor (Vehicle and Traffic Law § 1193 [1]). As such, it must be pleaded in the accusatory instrument.”
There is no specific statute which sets out the rules for alleging prior convictions in a local court accusatory instrument. GPL 200.60 establishes the requirements for setting out prior convictions in an indictment, when same is necessary to enhance the grade of the alleged offense. Therefore, that statute does not specifically apply to misdemeanors. In any case, no accusatory instrument was filed charging the defendant with misdemeanor DWAI. The fact that the defendant was found guilty of DWAI after a bench trial is not automatically sufficient to classify that conviction as a misdemeanor. It has been held that “misdemeanor DWAI cannot be a lesser included offense of misdemeanor DWI; it is an inclusory concurrent offense.” (People v Jamison, 170 Misc 2d 974, 976 [1996].)
Nevertheless, the fact that the defendant has been convicted of three prior DWAI’s can be used in sentencing the defendant. It was held in People v Jamison (170 Misc 2d 974, 977 [1996]) that
“where a defendant is convicted of DWAI as a traffic infraction, as in this case, the People may submit proof at a posttrial proceeding of the existence of a prior Vehicle and Traffic Law § 1192 conviction within the preceding five years. Pursuant to Vehicle and Traffic Law § 1193 (1), the existence of such prior conviction aggravates the sentence which defendant may receive for DWAI as a traffic infraction without elevating the level of the offense to a misdemeanor. In that case, the prior conviction is not an element of the offense of the present offense (which would elevate the level of the offense itself), but goes only to determination of the permissible *332 sentence for the offense and is therefore an appropriate subject for a CPL article 400 post trial proceeding.”
However, the defendant can only be sentenced for DWAI as a traffic infraction in accordance with those sanctions set out in Vehicle and Traffic Law § 1193 (1) (a), which look back a period of five years.*
It would not be proper to use the 10-year look back period which deals with someone convicted of misdemeanor DWAI. The procedure as set out in CPL 400.40 must be followed.
Conclusion
Based on the evidence submitted at trial, the defendant’s conviction of DWAI for the fourth time must be classified as a traffic infraction and not a misdemeanor. Whether or not the sentence is enhanced in accordance with the five-year look back set out in Vehicle and Traffic Law § 1193 (1) (a) depends upon whether the People present the requisite proof of defendant’s prior convictions at the time of sentencing.

 Vehicle and Traffic Law § 1193 (1) (a) states in pertinent part as follows: “Driving while ability impaired. A violation of subdivision one of section eleven hundred ninety-two of this article shall be a traffic infraction and shall be punishable by a fine of not less than three hundred dollars nor more than five hundred dollars or by imprisonment in a penitentiary or county jail for not more than fifteen days, or by both such fine and imprisonment. A person who operates a vehicle in violation of such subdivision after having been convicted of a violation of any subdivision of section eleven hundred ninety-two of this article within the preceding five years shall be punished by a fine of not less than five hundred dollars nor more than seven hundred fifty dollars, or by imprisonment of not more than thirty days in a penitentiary or county jail or by both such fine and imprisonment.”