OPINION OF THE COURT
David D. Egan, J.
This is an appeal by the People from an order of Rochester City Court (149 Misc 2d 98 [Regan, J.]) dismissing the charge of criminal mischief in the fourth degree (Penal Law § 145.00 [3]) in the interests of justice pursuant to CPL 170.40.
The lower court, sua sponte, dismissed the charge against all *275 defendants because the court believed that the facts warranted a felony prosecution by Grand Jury presentment and that further prosecution of the cases as misdemeanors grievously flouts the interest of justice.
In People ex rel. Doe v Beaudon (102 AD2d 359, 365 [1984]) the court stated: "It is well established that the District Attorney enjoys broad discretion over who, what and when to prosecute (People v Di Falco [44 NY2d 482,] * * * 486; People v Muka, 72 AD2d 649, 650; People v Putland, 102 Misc 2d 517, 523). The responsibilities attendant the position of this duly elected official necessitate 'the exercise of completely impartial judgment and discretion’ (People v Di Falco, supra, p 487). Indeed, respect for the basic separation of powers lodged in the executive, legislative and judicial branches of our government compels this court not to interfere with the prosecutor’s authority (Matter of Hassan v Magistrates’ Ct., 20 Misc 2d 509, opp dsmd 10 AD2d 908, mot for lv to opp dsmd 8 NY2d 750, cert den 364 US 844).”
The court in Beaudon (supra) concluded that a Family Court Judge proceeded in excess of his authority in directing a presentation of evidence to the Grand Jury concerning evidence of sexual abuse of three minors.
The local court’s dismissal in this case was designed to force the District Attorney to present the matter to the Grand Jury. What the county Family Court could not do directly in the Beaudon case (supra), the local court cannot do indirectly in this case.
I find as a matter of law that a local court may not dismiss charges in the interest of justice in order to cause a District Attorney to make a Grand Jury presentment.
Accordingly, the lower court’s order of dismissal is reversed and the matter is remanded to Rochester City Court for further proceedings.