OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously modified upon the law by reinstating the jury verdict finding defendant guilty of driving while impaired as a traffic infraction, vacating the sentence imposed, remitting the fine, if paid, and remanding for resentence, and as so modified, affirmed.
Although originally charged with driving while intoxicated as a misdemeanor (Vehicle and Traffic Law § 1192 [2], [3]), defendant was found guilty by a jury of driving while impaired as a lesser included offense (Vehicle and Traffic Law § 1192 [1]). At the instance of the People, the court below conducted a CPL 400.40 hearing before sentencing and found that defendant had two prior convictions for driving while impaired within the previous 10 years. The justice’s return reveals that the court, on the basis of its interpretations of CPL 400.40 and Vehicle and Traffic Law § 1193, “elevated the charge to a misdemeanor and sentenced accordingly.”
The court below erred in concluding that it could utilize the procedure prescribed by CPL 400.40 to enhance the grade of offense from traffic infraction to misdemeanor (People v Jamison, 170 Mise 2d 974). CPL 400.40 reads in part:
“Procedure for determining prior convictions for the purpose of sentence in certain cases
“1. Applicability. Where a conviction is entered for * * * a traffic infraction and the authorized sentence depends upon whether the defendant has a previous judgment of conviction for an offense * * * such issue is determined as provided in this section.
“2. Statement to be filed. If it appears that the defendant has a previous judgment of conviction and if the court is required, or in its discretion desires, to impose a sentence that would not be authorized in the absence of such previous judgment, a statement must be filed after conviction and before sentence setting forth the date and place of the previous judgment or judgments and the court must conduct a hearing to determine whether the defendant is the same person mentioned in the record of such judgment or judgments. In any case *312 where an increased sentence is mandatory, the statement may be filed by the court or by the prosecutor. In any case where an increased sentence is discretionary, the statement may be filed only by the court.”
As above stated, CPL 400.40 provides a “Procedure for determining prior convictions for the purpose of sentence in certain cases” (emphasis added). Said provision does not authorize an elevation of the grade of offense from traffic infraction to crime, irrespective of what was decided by a jury verdict (People v Jamison, supra).
Vehicle and Traffic Law § 1193 does provide that a person who drives in violation of section 1192 (1) after having been convicted two or more times of a violation of any subdivision of section 1192 within the preceding 10 years shall be guilty of a misdemeanor and be punished by a more severe fine, term of imprisonment or both. However, if the People had desired a misdemeanor conviction for driving while impaired, it would have been incumbent upon them to establish at trial through legally sufficient evidence that defendant had the prior convictions for driving while impaired (see, CPL 200.60 [3] [b]; People v Dugan, 188 AD2d 927, lv denied 81 NY2d 839). The jury would then have been in a position to convict defendant of driving while impaired as a misdemeanor (see, People v Garneau, 120 AD2d 112, 113).
Floyd, P. J., Colabella and Coppola, JJ., concur.