OPINION OF THE COURT
Thomas Rainbow Morse, J.
Although the defendant was originally charged with common-law driving while intoxicated (DWI), he waived his right to trial by jury on that charge and was convicted after a bench trial of the offense of driving while his ability to do so was impaired by alcohol (DWAI). Following the verdict and before sentencing, it was brought to the court’s attention that in the past 10 years the defendant had been convicted twice of DWAI. Since our law provides that a third violation of any subdivision of Vehicle and Traffic Law § 1192 within such a time period may constitute a crime,[1] and because no accusatory instrument charging the defendant with misdemeanor DWAI (third DWAI) had been filed with the court, an issue arose regarding whether the court had the authority to consider sentencing the defendant as a third DWAI offender.
This court finds neither federal nor state constitutional provisions preclude the entry of such a misdemeanor conviction following a trial verdict. In addition, while New York’s common-law tradition and its statutory scheme both reflect a historical sensitivity to issues connected with the use of prior convictions in criminal prosecutions, the New York Legislature has chosen to balance due process interests by allowing the issue of recidivist sentencing to be addressed postverdict by the judge in local *499 court cases such as this.[2] Thus, while the court is aware of several decisions which have reached a contrary conclusion, this court holds that when a defendant with two Vehicle and Traffic Law § 1192 convictions within the past 10 years is tried on a DWI charge resulting in an acquittal and a verdict of guilty is returned as to DWAI, it is appropriate to follow the provisions of Criminal Procedure Law § 400.40 in determining whether the DWAI conviction is one for a violation or a misdemeanor.[3]
The Historical Context Validating the Application of CPL 400.40
Article 400 outlines “Pre-sentence Proceedings” for all levels of offenses and contains the “[procedure for determining prior convictions for the purpose of sentence in certain cases.”[4] By its *500 terms, CPL 400.40 applies “[w]here a conviction is entered for an unclassified misdemeanor or for a traffic infraction and the authorized sentence depends upon whether the defendant has a previous judgment of conviction for an offense.”[5] In cases where a court is considering imposing a sentence applicable only to such a recidivist, a statement alleging the prior conviction(s) must be filed[6] and the defendant is given an opportunity to admit, deny or stand mute regarding its contents.[7] Unless the defendant admits the prior convictions, a hearing must be held
“before the court without a jury. The burden of proof is upon the people and a finding that the defendant has been convicted of any offense alleged in the statement must be based upon proof beyond a reasonable doubt by evidence admissible under the rules applicable to trial of the issue of guilt.”[8]
While this court is perhaps the first to find this section applicable to alcohol related driving offenses, judges have long debated recidivist procedures. In fact, for more than 100 years, our *501 courts and commentators have wrestled with due process concerns in cases involving habitual offenders.[9]
During that period, various statutory and common-law answers have been given to the question of when and how criminal courts should address the issue of enhanced penalties predicated on prior convictions. For instance, in 1898, in contrast to established English statutes precluding consideration of prior convictions until after a rendition of the verdict, our Court of Appeals evaluated New York’s common-law practice of permitting the People to present evidence of sentence-enhancing prior convictions during trial. While it found that procedure permissible, the Court recognized other acceptable alternatives.[10] This discussion continued 15 years later when a unanimous Court of Appeals noted that while it had chosen not to do so, nothing would prevent the Legislature from adopting a statutory scheme which would provide for a postconviction mechanism addressing proof of prior convictions since such procedures had been enacted in a number of states and found constitutional by the United States Supreme Court.[11]
In 1926, the New York Legislature abrogated our common-law rule and outlined a statutory procedure which has evolved into CPL article 400.[12] In reviewing the law in 1927, the Court of Appeals noted that it provided that “previous convictions need not be alleged in the indictment, nor proved upon trial of the new charge.”[13] In writing for the Court five years later, Chief Judge Cardozo made it clear that proof beyond a reason *502 able doubt was required in such a postconviction proceeding in which prior convictions enhancing the sentence are alleged.[14] However, the provisions of the 1926 law and subsequent amendments applied to prosecution by indictment only, not to local court prosecution by information.
With the amendment of article 717 of the Code of Criminal Procedure in 1959, the Legislature extended coverage of habitual offender laws to lower courts by instituting a procedure for “proof of previous convictions” for crimes prosecuted by information.[15] In urging passage of this legislation, the Law Revision Commission noted that its “present recommendations are concerned only with creating a procedure for cases where the previous convictions may not be alleged in the indictment or information” and that the bill directs that such an “information shall not be filed before a plea of guilty is entered or a verdict of guilty is recorded with respect to the crime for which defendant *503 is to be sentenced.”[16] Importantly, the Commission recognized that it was proposing a somewhat different procedure than that which was being applied in prosecutions by indictment.[17] Ten years later, when the CPL replaced the Code of Criminal Procedure, section 717 (2) of the Code became CPL 400.40,[18] and the staff notes recognized “the purpose of the procedure [in the law was] to furnish a method of establishing the prior conviction, as an alternative to charging it in the information and thus prejudicing the defendant.”[19]
Consequently, the design and legislative history of CPL 400.40 clearly demonstrate that the factual setting within which this court finds itself is precisely the circumstance CPL 400.40 was intended by the Legislature to address. A number of issues, however, still need to be resolved. First, the question of a right to a jury trial needs to be dealt with since all of the other reported cases which have previously decided the issue before this court have been decided primarily on a defendant’s right to a jury trial. In addition, this court should account for the constitutional concerns raised in recent Supreme Court and Court of Appeals cases and evaluate whether CPL 400.40 can be used to designate the level of offense as a misdemeanor.
The Constitutional Right to a Jury Trial in DWI Cases
Defendants such as Mr. Harris who are initially charged with misdemeanor or felony DWI have a constitutional right to a jury trial.[20] The same cannot be said, however, for a person initially charged with a third DWAI. Such a person has no constitutional right to a jury trial since a third DWAI is classified as a “petty” offense for purposes of constitutional jury trial analysis.
*504 More than 15 years ago, the Supreme Court found that a state’s statutory scheme denying a jury trial in certain drunk driving cases was constitutional.[21] While the court evaluated the array of sentencing options available to a judge following conviction[22] and recognized that “a prison term of six months or less . . . will seldom be viewed by the defendant as trivial or petty,”[23] it nonetheless found that “the disadvantages of such a sentence, onerous though they may be, may be outweighed by the benefits that result from speedy and inexpensive nonjury adjudications.”[24] In holding that crimes punishable by six months or less in jail are presumptively “petty” offenses, the Supreme Court noted that the presumption may be overcome if a defendant “can demonstrate that any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a ‘serious’ one.”[25] The Court of Appeals has adopted this presumptive constitutional analysis.[26]
Applying these federal and state standards, it is clear that a third DWAI is a “petty” offense. The maximum jail sentence upon conviction is six months and the additional penalties are no more severe than those previously considered by the Supreme Court.[27] Moreover, there are no additional statutory disadvan *505 tages which could be argued to show a legislative intent to make a third DWAI a constitutionally “serious” offense. This position is underscored by the fact that while a misdemeanor DWI conviction provides a predicate for a felony DWI prosecution, a third DWAI conviction does not.[28] Thus, there is no federal or state constitutional right to a jury trial for a third DWAI.
Due Process and Notice Considerations .
Recognizing there is no constitutional jury trial right for a “petty” offense does not, however, resolve all the constitutional issues raised by the use of CPL 400.40 in this case. To complete the analysis, an assessment of recent Supreme Court and Court of Appeals cases involving postconviction judicial involvement in enhanced sentencing proceedings is in order. In 2000, the Supreme Court extended to state court proceedings its year-old holding that
“under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.”[29]
The Supreme Court’s express exclusion permitting judges to resolve questions of sentence enhancement when the only issue to he decided involves recidivism reaffirmed its 1998 decision in Almendarez-Torres v United States.[30] and restated precedent relied on by the Supreme Court for nearly 100 years. The Court in Almendarez-Torres found that Congress had intended for the existence of a prior conviction in that case to be a sentencing *506 factor not an element of the offense.[31] In reaching its conclusion, the Court noted that “recidivism is a traditional, if not the most traditional, basis for a sentencing court’s increasing an offender’s sentence.”[32] The Court then observed that the Supreme Court had not “deviated from” a position it took in 1912 that generally the prior conviction “does not relate to the commission of the offense, but goes to the punishment only, and therefore . . . may be subsequently decided.”[33]
A year after Almendarez-Torres, the Supreme Court found that when a statute imposed higher penalties for causing “bodily injury or death” during a carjacking, that characteristic was an element, not a sentencing factor.[34] The Court’s rationale was sensitive to the separation of powers and was careful to point out that
“the constitutional proposition that drives our concern in no way call[s] into question the principle that the definition of the elements of a criminal offense is entrusted to the legislature. The constitutional guarantees that give rise to our concern in no way restrict the ability of the legislatures to identify the conduct they wish to characterize as criminal or to define the facts whose proof is essential to the establishment of criminal liability. The constitutional safeguards that figure in our analysis concern not the identity of the elements defining criminal liability but only the required procedures for finding the facts that determine the maximum permissible punishment; these are the safeguards going to the formality of notice, the identity of the factfinder, and the burden of proof.”[35]
In that same case, the Supreme Court validated the recidivist exception to the general rule when it recognized that “unlike virtually any other consideration used to enlarge the possible penalty for an offense ... a prior conviction must itself have been established through procedures satisfying the fair notice, *507 reasonable doubt, and jury trial guarantees.”[36] Given this rationale and the limited scope of the recidivist exception, it seems the exception is unlikely to be abrogated even though Justice Thomas has suggested that Almendarez-Torres be overruled.[37] In response, Justice Stevens, who was a member of the dissent in Almendarez-Torres, recently observed that the fact “countless judges in countless cases have relied on Almendarez-Torres in making sentencing determinations,” and the importance of stare decisis provided a sufficient basis for the denial of certiorari in a recidivist sentencing case.[38]
Our Court of Appeals is among that legion of courts which has adhered to this line of recidivist cases. Most recently it did so in evaluating somewhat similar provisions in CPL 400.20 relating to judicial determinations of persistent felony offender status. The Court found that submission of that question to a jury was not necessary as long as there were not “any facts other than the predicate convictions that must be found to make recidivist sentencing possible.”[39] Since that is the only question before the court under CPL 400.40, it would seem that the sentencing procedure being employed by this court would survive a constitutional challenge in our highest Court as well.
Using the Provisions of CPL 400.40 to Designate the Offense as a Misdemeanor
One of the defendant’s most virulent objections to the court’s use of CPL 400.40 is his allegation that employing the procedure violates fundamental rights by convicting him of an offense without ever having been formally accused of a third DWAI or tried for that crime.[40] That position is unsustainable for several reasons.
*508 First, the same factfinder who determined the substantive offense of DWAI considered the defendant’s recidivist status for purposes of designating the level of offense and sentence imposed. Accordingly, putting CPL 400.40 aside for the moment, this court has the authority “to devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by [this court].”[41] By allowing the same factfinder chosen by the defendant to decide the recidivist question beyond a reasonable doubt after he was given notice of the allegation that he was a habitual offender and an opportunity to be heard, the court has fashioned a process analogous to CPL 400.40 which assiduously protected all the fundamental rights he claims were abridged. In fact, as noted in court when the recidivist hearing was held, because this matter proceeded as a bench trial this court allowed itself to simultaneously wear two hats and proceeded with the Harris hearing as trial factfinder under a judicially fashioned procedure and as a judicial officer pursuant to CPL 400.40.[42]
Second, there is no substantive offense of third DWAI. Instead, as outlined before, depending on whether the People sustain their burden of proof beyond a reasonable doubt regarding prior convictions in a postverdict proceeding the court may impose increased penalties for the commission of the same substantive offense — DWAI. The defendant’s prior record has no evidentiary value in that initial substantive determination. His recidivist status after his arrest in this case was the same as it was before he was taken into custody. His prior convictions had nothing whatsoever to do with the question of whether he had voluntarily consumed alcohol before he drove his car. The convictions themselves did not have any effect on the manner in which he operated it that day (although his prior experiences may have affected his decision whether or not to perform field sobriety tests or take a breath test). His prior record did not alter the observations of the driver of the bus he struck with his *509 car nor did it produce the odor of alcohol and physical characteristics observed by the officer who responded to the scene of the accident. In short, his underlying recidivist status was completely irrelevant to the substantive question which needed to be resolved by the factfinder in this case: whether the physical and mental abilities Mr. Harris was expected to possess as a reasonable and prudent driver on that day were affected to any extent by the voluntary consumption of alcohol. Nothing about his prior record tended to prove or disprove any of those facts in issue. His alleged habitual offender status is nothing but a “sentencing factor . . . that is neither ‘presumed’ to be present, nor need to be ‘proved’ to be present, in order to prove the commission of the relevant crime.”[43] As noted by the Supreme Court, rarely is “a defendant’s recidivism an element of an offense where the conduct proscribed is otherwise unlawful.”[44] Accordingly, there was no violation of Mr. Harris’s fundamental rights because “due process does not require advance notice that the trial on the substantive offense will be followed by a habitual criminal proceeding.”[45]
Third, while the defendant and a number of the decisions which have addressed this issue in third DWAI cases have taken for granted that the prior convictions are an element of the third DWAI, such a conclusion is not required by appellate authority or the Criminal Procedure Law. The “must be an ele *510 ment” theory springs from a decision in People v Cooper[46] in which the Court of Appeals was evaluating pretrial procedures to be used only in felony cases, not in cases in local criminal courts. In Cooper, the Judges held that in a felony case
“[w]hen a defendant’s prior conviction raises the grade of an offense, and thus becomes an element of the higher grade offense, the Criminal Procedure Law — reflecting a concern for potential prejudice and unfairness to the defendant in putting earlier convictions before the jury — specifies a procedure for alleging and proving the prior convictions (CPL 200.60).”[47]
The “and becomes an element of the higher grade offense” language is not a judicially constructed phrase. Rather, it is paraphrased directly from the statute which pertains to superior court practice. As shown earlier, the Legislature enacted CPL 400.40 for the same reasons which prompted passing CPL 200.60, yet it elected to create a postverdict mechanism for local court cases instead of the pretrial procedure used in superior courts. As has been shown earlier, in the limited area of recidivist sentencing, such a legislative decision is constitutionally permissible. Therefore neither analysis by the Court of Appeals of special informations in felony cases nor the legislative history of CPL 400.40 require that the prior convictions be viewed as elements in third DWAI cases which arise only after a trial verdict of not guilty on the original underlying DWI charge.
Saying that the prior alcohol related convictions are not elements of a third DWAI which arises only after a trial verdict does not mean, however, that a defendant who is originally charged with a third DWAI should not be entitled to advance notice that the People intend to prosecute the defendant for a misdemeanor. Due process notions of fairness dictate that such a defendant originally charged with a third DWAI is entitled to pretrial notice of the People’s intention to prosecute the case as a misdemeanor so the defendant can make an intelligent, knowing and voluntary decision relating to the separate state statutory right to a jury trial on all misdemeanors in jurisdictions outside New York City.[48] This reasoning is consistent with the observation of the United States Supreme Court in Almendarez *511 Torres that the Court’s prior decisions might allow for “the broad proposition that sometimes the Constitution does require (though sometimes it does not require) the State to treat a sentencing factor as an element.”[49]
Fourth, Mr Harris has not been harmed by, but has benefitted from, the court’s consideration of the alternative charge of DWAI. If a defendant like Mr. Harris is acquitted of DWI and found beyond a reasonable doubt to be a third DWAI offender after a postverdict hearing, that person faces less onerous sanctions than if the original charge had been sustained. The level of offense is not raised from the original allegation, it remains the same, an unclassified misdemeanor.[50] The potential jail sentence is reduced from one year to six months and the defendant does not risk a potential future felony DWI accusation. The question of a lower degree of impairment only becomes an issue at the charge conference once proof is closed and then only if a reasonable view of the evidence would allow its consideration. Submission of DWAI to the factfinder with the consent of the defendant is not an unreasonable trial strategy since a guilty verdict on the alternative substantive offense of DWAI as either a misdemeanor or a violation would result in diminished penalties.
Lastly, in this case the People set out to convict the defendant of misdemeanor DWI rather than simply a third DWAI or both DWI and third DWAI. It may be that the People did not realize that a guilty verdict would result in the defendant’s third alcohol related driving conviction in 10 years. It could be that the People may have chosen to proceed with only the DWI because they were seeking to establish a habitual offender’s predicate status for a possible future felony DWI prosecution, or the People may have elected not to initially charge both DWI and third DWAI because of the difficulties inherent in simultaneously arguing that the defendant was both intoxicated and *512 impaired. Whatever the reason, such a decision is a distinctly executive function for “it is the prosecutor who decides whether a case is to be pressed or dropped and . . . the nature of the specific offense or offenses to be lodged against a defendant.”[51] Absent allegations of selective prosecution, the doctrine of separation of powers severely restricts judicial intervention in that process.
The Hearing
This court having concluded that either a Harris or a CPL 400.40 hearing was appropriate, the People proffered sworn testimony and exhibits that the defendant was the same individual who had previously been twice convicted of DWAI in the past 10 years. Their first witness was the arresting officer who identified Mr. Harris as the person he had arrested in the case now before the court. He noted Mr. Harris’s date of birth and testified he brought the defendant to the Monroe County Jail for processing on his arrest. Next the People called a police identification technician whom the court found over objection was qualified to render an opinion as an expert in fingerprint comparison. Also over objection, the court allowed fingerprint cards from the present arrest and two prior arrests in a local town court to be admitted pursuant to CPL 60.60 (2). The witness then testified that he concluded based on his training and experience and having found at least 10 points of similarity between the known inked prints of Mr. Harris and the fingerprint cards that Mr. Harris’s prints appeared on all three cards. The People also introduced certificates of conviction from that town court indicating that Mr. Harris was convicted of DWAI in March 1996 and January 1998, which are both dates within 10 years of the DWAI of which he stands convicted in this court. Comparing all the documents admitted and considering the credible testimony of the witnesses based not only on the words they spoke but their nonverbal communication and demeanor in court, this court found both as a factfinder and as a judicial officer that the People had proven that Mr. Harris had in fact been convicted twice of DWAI within the 10 years preceding the commission of .the present offense.[52] Thus, he stood before the court having been convicted of a misdemeanor DWAI.
*513 After rendering that decision, the court ordered a presentence investigation. On the day of sentencing, the People moved sentence, and counsel for the defendant again opposed imposition of any sentence applicable to a misdemeanor conviction. The court then heard from Mr. Harris before passing sentence. The court found that a sentence of probation with the attendant conditions of that sentence was “reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so.”[53] Because of his two prior convictions, the court also determined that the conditions of probation were “necessary or appropriate to ameliorate the conduct which gave rise to the offense or to prevent the incarceration of the defendant.”[54]
Conclusion
It has been said that any courtroom advocate’s arguments can be distilled into the three reasons which our kindergarten teachers gave us for the decisions they made in our first years in school: “[W]e do it because that’s the rule”; “we do it because that’s the way it has always been done”; and “we do it because if we didn’t, that just wouldn’t be fair.” By any of those standards, the procedure utilized by this court under the specific facts of this case was appropriate and not in violation of the defendant’s statutory or constitutional rights.
First, this court has adhered to the “rule” established by the New York Legislature when it chose how to separately address due process issues in the case of local court prosecutions of habitual offenders by enacting legislation which has now become CPL 400.40. Second, this court has followed “what has always been done” in applying the recidivist sentencing exception recognized by our courts since colonial times. Lastly, to have proceeded in any other fashion would have been patently unfair. In the face of that legislative history and common-law tradition accepting the defendant’s position would preclude the imposition of the sentence which the court has imposed and the defendant so desperately needs: three years of probation supervision with abstention from alcohol and mandated treatment with the possibility of six months in jail hanging over the defendant’s head if he were to be convicted of violating his probation.
Our highest Court has recognized the sui generis nature of our comprehensive laws addressing the issue of drinking and *514 driving.[55] It seems that each year, new provisions are added to this complex statutory scheme which are intended to make our highways safer by deterring alcohol impaired driving and providing offenders with opportunities to successfully confront issues of alcohol abuse in their lives. When individuals repeatedly violate those laws, the public .nay reasonably expect that the Legislature has the right to direct and courts have the responsibility to consider enhanced penalties for habitual offenders. As they increase the number of statutory provisions addressing recidivists, it is hoped that the Legislature will soon specifically address the practice and procedure prosecutors and the courts should utilize in these cases given the conflicting judicial opinions on this issue.

. Vehicle and Traffic Law § 1193 (1) (“A person who operates a vehicle in violation of [Vehicle and Traffic Law § 1192 (1)] after having been convicted two or more times of a violation of any subdivision of section eleven hundred ninety-two of this article within the preceding ten years shall be guilty of a misdemeanor”). While the two prior convictions could have been for any subdivision of Vehicle and Traffic Law § 1192 (DWAI, misdemeanor or felony DWI or DWAI drugs), this opinion will use the phrase “third DWAI” regardless of the nature of the defendant’s underlying prior convictions. This decision does not address misdemeanor charges which arise in the case of a first offense due to alleged operation of a special vehicle while impaired. Vehicle and Traffic Law § 1193 (1) (d).

. While this court is deciding only the applicability of CPL 400.40 in misdemeanor prosecutions, the procedure approved in this decision might also apply when a verdict of third DWAI is returned in a felony DWI case.

. Although there are a number of thoughtful opinions addressing this issue, none of those decisions are binding on this court. Moreover, none of those cases track the common-law roots or legislative history of CPL 400.40. Such a review is appropriate here since the Court of Appeals analyzed the somewhat analogous provisions , of CPL 200.60 in that fashion. See People v Cooper, 78 NY2d 476 (1991). For the reasons stated in this opinion, this court respectfully declines to follow the trial court decisions in People v Lazzar, 3 Misc 3d 328 (Webster Town Ct 2004, DiSalvo, J.), and People v Jamison, 170 Misc 2d 974 (Rochester City Ct 1996, Pfeiffer, J.). The court also recognizes that its decision is at odds with the holding in People v Greer, 189 Misc 2d 310 (App Term, 2d Dept 2001), which is not binding on this court. See People v Pestana, 195 Misc 2d 833 (Crim Ct, NY County 2003, Jaffe, J.). While an appellate term decision from another county “is entitled to great deference,” stare decisis does not apply outside the geographical jurisdiction of such courts. As noted in Pestaña, appellate term courts are courts of local jurisdiction, NY Const, art VI, § 8 (a); are not courts of record; are not part of a uniform statewide court, compare Mountain View Coach Lines v Storms, 102 AD2d 663 (2d Dept 1984); and may consist of appellate panels or a single judge depending on local rules.

. CPL 400.40. Indeed, it is the defendant’s position that this nomenclature suggests this section may not be used to denominate the defendant’s conviction as a misdemeanor, but may only be used once a misdemeanor conviction has been found by a judge or jury. Such a position, if correct, would eviscerate the procedure it describes and vitiate the statutory purpose explicitly envisioned by the coordinate branch of government charged with the responsibility of enacting legislation which may then be evaluated for its reasonableness by a court. Compare Campaign for Fiscal Equity, Inc. v State of New York, 8 NY3d 14, 28 (2006) (“When we review the acts of the Legislature and the Executive, we do so to protect rights, not to make policy”); Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO v Cuomo, 64 NY2d 233, 239-240 (1984) (“While it is within the power of the judiciary to declare the vested rights of a specifically protected class of individuals, in a fashion recognized by statute . . . the manner by which the State addresses complex societal and governmental issues is a subject left to the discretion of the political branches *500 of government”); Matter of Morgenthau v Erlbaum 59 NY2d 143, 154-155 (1983) (“in establishing sentences, the Legislature must be presumed to have weighed public opinion and history, and to have been aware of the civil implications of conviction. Indeed, this presumption implicitly underlies the Supreme Court’s emphasis on sentence length as the indicator of a crime’s seriousness. To allow a Judge to weigh these same criteria and reach a different conclusion as to a crime’s seriousness would be to permit an improper usurpation of the legislative function”).

. CPL 400.40 (1). This procedure also applies when “a conviction is entered for a violation defined outside the penal law and the amount of the fine authorized by the law defining such violation depends upon whether the defendant has a previous judgment of conviction for an offense.” Id.

. CPL 400.40 (2) (When a court is entertaining “a sentence that would not be authorized in the absence of such previous judgment, a statement must be filed after conviction and before sentence setting forth the date and place of the previous judgment or judgments and the court must conduct a hearing to determine whether the defendant is the same person mentioned in the record of such judgment or judgments”). Moreover, “where an increased sentence is mandatory, the statement may be filed by the court or by the prosecutor. In any case where an increased sentence is discretionary, the statement may be filed only by the court.” Id. In fact, the People have filed such a statement in this case.

. CPL 400.40 (3) (“the court must ask him whether he admits or denies such prior judgment or judgments. If the defendant denies the same or remains mute, the court may proceed with the hearing and, where the increased sentence is mandatory, it must impose such”). Furthermore, “In any case where a copy of the statement was not received by the defendant at least two days prior to the preliminary examination, the court must upon request of the defendant grant an adjournment of at least two days before proceeding with the hearing.” CPL 400.40 (4).

. CPL 400.40 (5).

. See Note, The Pleading and Proof of Prior Convictions in Habitual Criminal Prosecutions, 33 NYU L Rev 210 (1958); Note, Recidivist Procedures, 40 NYU L Rev 332 (1965).

. People v Sickles, 156 NY 541, 546 (1898); see Johnson v People, 55 NY 512, 514 (1874) (“An English statute, passed in 1837, requires the principal charge to be first found by the jury, and then authorizes proof of the former conviction to be presented to them; but we have no such statute”).

. People v Rosen, 208 NY 169, 173 (1913) (“the legislature might provide for an independent trial of the question whether a convicted person had been convicted of a prior offense, and make an affirmative determination reached in such proceedings the basis for the additional punishment on the last conviction, although such prior offense had not been charged in the indictment for the later crime. [McDonald v. Massachusetts, 180 U. S. 311; Graham v. State of West Va., 224 U. S. 616.] But... no such provision has been made”).

. L 1926, ch 457, amending Penal Law §§ 1941, 1942, 1943. Compare the earlier 3 Revised Statutes of New York, part IV ch I, tit VII, §§ 8, 10 (1882 ed), and Penal Code § 688 which defined habitual offenders.

. People v Gowasky, 244 NY 451, 459 (1927) (the Court noted that although the Legislature had significantly altered New York criminal procedure, the change “was nothing new. The practice was a century old. Either out of *502 fairness to the prisoner or else for public safety, the method of charging a prisoner after conviction, not before, with having been previously convicted of crime, and sentencing him accordingly, was well-known to the law”).

. People v Reese, 258 NY 89, 100-101 (1932). Thus, he resolved one of the three issues the Supreme Court has focused on in recent cases involving sentence enhancements which is discussed later in this opinion: the burden of proof.

. L 1959, ch 218, § 2. As amended, Code of Criminal Procedure § 717 (2) provided,
“Where a different or additional punishment of a crime is prescribed or expressly authorized by reason of the fact that the defendant has previously been convicted of a crime or offense and the previous offense was not alleged in the information, the issue of whether he has previously been so convicted shall in all cases be determined as provided in this subdivision, except where a different procedure is prescribed or authorized by another statute.
“If it shall appear that the defendant is a person so previously convicted, an information shall be filed accusing the defendant of such previous conviction or convictions. Such information shall not be filed before a plea of guilty is entered or a verdict of guilty is recorded. Upon the filing of the information the defendant shall be brought before the court and (a) the proceedings upon the information shall be had in the manner prescribed for proceedings in the court by which sentence is imposed upon an information alleging the commission of a crime and (b) the defendant shall have the same rights as he is entitled to in such proceedings. If defendant does not plead, a plea of not guilty shall be entered.
“Notwithstanding any other provisions of any general or local law, this subdivision does not apply where the conviction upon which the defendant is to be sentenced is not a conviction of a crime.”

. Mem of Law Rev Commn, 1959 NY Legis Ann, at 36.

. In doing so, the Commission noted that bench trials predominated in many lower courts. Mem of Law Rev Commn, 1959 NY Legis Ann, at 37.

. In the comments which accompanied the 1967 study bill of what was to become our Criminal Procedure Law, the staff noted that the “procedure[s] for determining prior convictions for the purpose of sentence in certain cases” were “basically a restatement of Code section 717 (2).” Staff Comment of Temp St Commn on Rev of Penal Law and Crim Code, 1967 Proposed NY CPL 205.40, at 274. This section number was retained in the 1968 study bill but renumbered CPL 400.40 in the CPL proposed in 1969 and enacted by the Legislature.

. Staff Comment, 1967 Proposed NY CPL 205.40, at 274.

. See US Const 6th Amend; Duncan v Louisiana, 391 US 145 (1968); Baldwin v New York, 399 US 66 (1970); NY Const, art I, § 2 (“Trial by jury in all cases in which it has heretofore been guaranteed by constitutional provision shall remain inviolate forever”). Historically in New York, this provision applied to crimes charged by indictment. NY Const, art VI, § 18 (a).

. Blanton v North Las Vegas, 489 US 538 (1989).

. Those included license suspension, fine, community service, mandatory evaluation and treatment (if necessary) as well as establishing a predicate status for repeat offenders. Blanton at 541-545.

. Blanton at 542 (internal quotation marks omitted).

. Blanton at 543 (internal quotation marks omitted).

. Blanton at 543.

. People v Foy, 88 NY2d 742 (1996); see also Matter of Morgenthau v Erlbaum, 59 NY2d 143 (1983).

. Vehicle and Traffic Law § 1193 (1) reads:
“1. Criminal penalties, (a) Driving while ability impaired. A violation of subdivision one of section eleven hundred ninety-two of this article shall be a traffic infraction and shall be punishable by a fine of not less than three hundred dollars nor more than five hundred dollars or by imprisonment in a penitentiary or county jail for not more than fifteen days, or by both such fine and imprisonment. A person who operates a vehicle in violation of such subdivision after having been convicted of a violation of any subdivision of section eleven hundred ninety-two of this article within the preceding five years shall be punished by a fine of not less than five hundred dollars nor more than seven hundred fifty dollars, or by imprisonment of not more than thirty days in a penitentiary or county jail or by both such fine and imprison *505 ment. A person who operates a vehicle in violation of such subdivision after having been convicted two or more times of a violation of any subdivision of section eleven hundred ninety-two of this article within the preceding ten years shall be guilty of a misdemeanor, and shall be punished by a fine of not less than seven hundred fifty dollars nor more than fifteen hundred dollars, or by imprisonment of not more than one hundred eighty days in a penitentiary or county jail or by both such fine and imprisonment.” (Emphasis added.)

. Vehicle and Traffic Law § 1193 (1) (c). Even if a third DWAI could provide a predicate for a felony charge, the Supreme Court found such a circumstance did not make an otherwise “petty” offense “serious.” Blanton at 545.

. Apprendi v New Jersey, 530 US 466, 476 (2000) (for state statutes the “Fourteenth Amendment commands the same answer”), citing Jones v United States, 526 US 227, 243 n 6 (1999).

. 523 US 224, 243-244 (1998).

. Almendarez-Torres at 237.

. Almendarez-Torres at 243. The Court found support for this position in Parke v Raley, 506 US 20, 26 (1992), noting that “[r]ecidivism laws ‘have a long tradition in this country that dates back to colonial times’ and currently are in effect in all 50 states.” Almendarez-Torres at 243 (citations omitted).

. Almendarez-Torres at 243-244, citing Graham v West Virginia, 224 US 616, 629 (1912).

. Jones v United States, 526 US 227 (1999).

. Jones at 243 n 6 (citations and internal quotation marks omitted).

. Jones at 249.

. See Rangel-Reyes v United States, 547 US —, —, 126 S Ct 2873, 2874 (2006, Thomas, J.). Justice Thomas, who was a member of the majority in Almendarez-Torres, has stated clearly and repeatedly that he has come to believe the case was wrongly decided but has been unable to muster sufficient support for his position. Shepard v United States, 544 US 13, 27-28 (2005, Thomas, J., concurring in part and concurring in judgment); Apprendi at 520-521 (Thomas, J., concurring).

. Rangel-Reyes, 547 US at —, 126 S Ct at 2874 (Stevens, J.).

. People v Rivera, 5 NY3d 61, 68 (2005); see also People v Rosen, 96 NY2d 329 (2001).

. In his letter memorandum, defense counsel asserts that
“Robert Harris has never been accused of that crime [third DWAI], He has never been tried for that crime. And yet the State is attempting to use a post-trial sentencing procedure to convict him of that crime. This attempt is obnoxious to at least three provisions of the US Constitution: Article III, § 2 [3] (‘the Trial *508 of all Crimes . . . shall be by Jury’), a defendant’s Fifth Amendment right to due process, and his Sixth Amendment right to know the accusation against him and to confront his accusers.”

. Judiciary Law § 2-b (3).

. The fact that this was a bench trial distinguishes the holding in this case from the conclusions reached by other judges in Jamison and Greer which involved jury trials. While the provisions of CPL 400.40 might be of use in a jury trial, a Harris hearing would be more difficult logistically than a CPL 400.40 hearing if the same jury was asked to determine the recidivist issue. That was not a factor in this case because the defendant elected to waive his statutory right to a jury trial.

. Almendarez-Torres at 241. This distinction was highlighted by the majority in Apprendi which consisted of Justice Thomas and the Justices who dissented in Almendarez-Torres. Referring to that case and writing for the majority in Apprendi, Justice Stevens noted that “[t]he reasons supporting an exception from the general rule for the statute construed in that case do not apply to the New Jersey statute. Whereas recidivism does not relate to the commission of the offense itself, New Jersey’s biased purpose inquiry goes precisely to what happened in the commission of the offense.” Apprendi at 496 (citations and internal quotation marks omitted).

. Almendarez-Torres at 244. In Castillo v United States, 530 US 120 (2000), the Court found that a statute which increased penalties for a crime when a “machine gun” was used in its commission constituted an element of the offense. The Court observed that “ [traditional sentencing factors often involve either characteristics of the offender, such as recidivism, or special features of the manner in which a basic crime was carried out.” Id. at 126. The Court’s recent decision in Washington v Recuenco, 548 US —, 126 S Ct 2546 (2006) is consistent with the holding in Castillo because the judge, not the jury, made the sentence enhancing determination that the defendant was “armed with a firearm” during the commission of the offense. Again, the critical factor was that the factor being considered was alleged to be part of the defendant’s conduct during the commission of the offense.

. Oyler v Boles, 368 US 448, 452 (1962). The Court cited as authority for this proposition Graham v West Virginia, 224 US 616, 625 (1912).

. 78 NY2d 476 (1991).

. Cooper at 478.

. See CPL 340.40 (2) (“In any local criminal court a defendant who has entered a plea of not guilty to an information which charges a misdemeanor must be accorded a jury trial”). In this context, the term “information” *511 includes “(a) a simplified information.” GPL 340.10 (1) (a). This case is factually distinguishable from those in which the original charge brought against the defendant is a third DWAI since the original offense before the court was DWI. Where the original charge is a third DWAI, it has rightly been held that the accusatory instrument must allege the prior convictions in order to protect the defendant’s statutory right to a jury trial. See People v Powlowski, 172 Misc 2d 240 (Rochester City Ct 1997, Byrnes, J.).

. Almendarez-Torres at 242.

. If the People do not sustain their burden, then such a person receives an even greater benefit, the reduction of the charge to a traffic violation even if a defendant has one prior within the past five years.

. People v Zimmer, 51 NY2d 390, 394 (1980); see also People v Hart, 151 Misc 2d 274, 275 (Monroe County Ct 1992, Egan, J.) (“the District Attorney enjoys broad discretion over who, what and when to prosecute”).

. Compare People v Van Buren, 82 NY2d 878, 880-881 (1993); People v Vollick, 148 AD2d 950 (4th Dept 1989), affd 75 NY2d 877 (1990).

. Penal Law § 65.10 (1).

. Penal Law § 65.10 (5).

. People v Prescott, 95 NY2d 655 (2001).