OPINION OF THE COURT
Frank P. Geraci, Jr., J.
The defendant appeals from a judgment entered on November 13, 2006 in Rochester City Court (Morse, J.), whereby he was convicted of misdemeanor driving while ability impaired (DWAI) (Vehicle and Traffic Law § 1192 [1]; § 1193 [1] [a]) and sentenced to serve a term of three years’ probation and to pay a fine of $500. The question presented upon this appeal is whether the defendant, originally charged by a simplified traffic information with misdemeanor driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), and thereafter, following a bench trial, convicted of the lesser included offense of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), may have his conviction of this traffic infraction elevated to misdemeanor *252 status and subjected to enhanced penalties based upon proof beyond a reasonable doubt of two prior convictions of driving while ability impaired, adduced at a hearing conducted pursuant to CPL 400.40 (“Procedure for determining prior convictions for the purpose of sentence in certain cases”) and/or under the authority vested in a court of record by Judiciary Law § 2-b (3) “to devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it.” For the reasons set forth below, the court answers that query in the negative.
The undisputed facts are as follows: On August 18, 2005, defendant was charged with driving while intoxicated and two other traffic violations, following too closely and unlicensed operator, arising from an incident involving defendant’s moving vehicle and a parked Regional Transit Service bus on a street located in the City of Rochester, New York. Thereafter, sometime after arraignment, and prior to the filing of pretrial motions, defendant executed a written waiver of his right to a jury trial (see CPL 320.10, 340.40 [2]) and proceeded to trial before Rochester City Court Judge Thomas R. Morse. At the conclusion of all proof, the trial court held a charge conference during which both the defense attorney and the prosecutor requested consideration of the lesser included offense of driving while ability impaired, a request which the trial court granted. Closing arguments were made by the prosecutor and defense counsel, and a brief recess was taken during which time the court deliberated.
After finding the defendant guilty of the lesser included offense, the trial court stated that it had become aware that the defendant had two prior convictions for driving while ability impaired within the preceding 10 years and inquired whether the defendant had just been convicted of a violation or a misdemeanor. The trial court referenced Vehicle and Traffic Law § 1193 (1) (a) which specified the following criminal penalties for the offense driving while ability impaired:
“A violation of subdivision one of section eleven hundred ninety-two of this article shall be a traffic infraction and shall be punishable by a fine of not less than three hundred dollars nor more than five hundred dollars or by imprisonment in a penitentiary or county jail for not more than fifteen days, or by both such fine and imprisonment. A person who operates a vehicle in violation of such subdivision after having been convicted of a violation of *253 any subdivision of section eleven hundred ninety-two of this article within the preceding five years shall be punished by a fine of not less than five hundred dollars nor more than seven hundred fifty dollars, or by imprisonment of not more than thirty days in a penitentiary or county jail or by both such fine and imprisonment. A person who operates a vehicle in violation of such subdivision after having been convicted two or more times of a violation of any subdivision of section eleven hundred ninety-two of this article within the preceding ten years shall be guilty of a misdemeanor, and shall be punished by a fine of not less than seven hundred fifty dollars nor more than fifteen hundred dollars, or by imprisonment of not more than one hundred eighty days in a penitentiary or county jail or by both such fine and imprisonment.” (Emphasis added.)
The trial court further requested memoranda of law from both the prosecutor and defense counsel regarding the applicability of Apprendi v New Jersey (530 US 466 [2000]) and Blakely v Washington (542 US 296 [2004]), initially framing the issue to be considered as follows:
“The principle issue here is whether the defendant now stands before the Court convicted after trial while his ability to do so was impaired by alcohol as a misdemeanor or as a violation. There was no special information filed with the Court prior to trial indicating that the People would intend to prove at the time of trial that he had a prior conviction. Apprende [sic] seems to stand for the proposition that, other than a prior conviction, the Court must be given — enhancement of a sentence must be presented to the fact finder with regard to felony DWI charges. Since a prior conviction elevates it to a felony, that is done by way of a special information. If a defendant does not plead to the special information with a plea of guilty, then the People are free to present proof at the time of trial that the defendant has such prior convictions in order to prove the defendant guilty of a felony. The question for the Court is whether or not the People were required, prior to trial to file a special information if they wished the defendant to be convicted of driving while ability impaired as a misdemeanor at the conclusion of the trial or to have the opportunity to *254 prove that during the course of the trial, whether Apprende [sic] requires that, whether our statute by analogous reasoning to the felonies would require it for a misdemeanor.”
After reviewing the submissions of counsel, pertinent Court of Appeals, as well as Supreme Court cases, including Apprendi, the trial court surmised that, in the instant circumstances, the People were not required to file a special information or an accusatory instrument which alleged that the defendant had two prior DWAI convictions within 10 years, since it was not until the defendant was found guilty of driving while ability impaired that the earlier convictions came into play. The trial court declared that it was incumbent upon the People, if they wished to have the defendant sentenced on a misdemeanor based upon the two prior DWAI convictions, to file a third DWAI information on which the defendant would be arraigned prior to sentencing and permitted to admit, deny or stand mute with respect thereto; that a hearing, if requested, would be held to determine whether there were any constitutional infirmities in the prior convictions; and that unless there was a constitutional infirmity regarding either prior conviction, the court’s intention was to pronounce sentence on the misdemeanor.
Subsequently, the People filed a “third DWAI information,” with accompanying certificates of conviction. Upon being arraigned thereon, the defendant entered a not guilty plea and the matter was scheduled for a “Harris” hearing, denominated as such because the trial court stated, “We’ll call it a Harris hearing because I’m not sure of any cases that require a hearing until my decision.”
On the scheduled hearing date, the trial court adjourned the matter so that it could revisit and further research the issue of whether a hearing pursuant to Criminal Procedure Law § 400.40 would be appropriate, given opposing arguments by the defense that no hearing was necessary due to the defendant’s conviction of a violation only and arguments by the People that a misdemeanor conviction resulted. As a consequence, the trial court set a new date for either sentencing or the scheduling of a hearing.
On the adjourned date, the trial court announced that, upon review of the papers submitted by defense counsel, of other proceedings and the research conducted by it, including the contrary position taken by other courts, there was no state or federal constitutional prohibition against holding a hearing pur *255 suant to CPL 400.40 to determine whether the defendant’s two prior DWAI convictions within 10 years elevated this new DWAI conviction to a misdemeanor level offense for which more severe, mandatory penalties applied. The trial court, articulating its belief that a distinctly different scenario would have been presented had the defendant initially been charged with DWAI as a misdemeanor by information with an accompanying supporting deposition, stated:
“In this case, the only charge that the People prosecuted in this case, the only charge that they went forward with, was driving while intoxication [sic] as a misdemeanor. It was only by virtue of the verdict that was rendered that the People became aware that they were now prosecuting a driving while ability impaired. And it is that point that the Court feels that article 400.40 kicks in and so, the Court will order, since there is a statement that’s been filed, the Court will order a hearing to be held on the 19th of July at 11:00 in the morning as to whether or not Mr. Harris is the same individual who was previously convicted as alleged in the statement in the Brighton Town court on the 27th of April 1998, and on the 6th of May 1996. Obviously at that hearing the People will have to comply with the Fourth Department and Court of Appeals cases with regard to the manner in which they go forward proving, if they can, that allegation.”
On the eventual hearing date, the trial court informed the parties that it would simultaneously conduct a “Harris” hearing and a hearing pursuant to CPL 400.40, ostensibly,
“[s]o that both records are clear should there be any Appellate recourse taken by Mr. Harris, that a decision could issue with regard to whether or not a Harris hearing before the same fact finder is an appropriate vehicle or whether or not a 400.40 hearing is an appropriate vehicle and whether in either case the court was providently using its discretion in going forward by either fashioning a procedure where there was none in the CPL or using a procedure that was there.”
These simultaneous hearings were conducted over the objections of defense counsel which were premised upon the lack of pretrial notice of the prior convictions.
During the hearings, the People presented the testimony of Rochester Police Officers Gomez and Parks and introduced *256 fingerprint records (dated respectively, Mar. 1, 1996, Jan. 15, 1998 and Aug. 18, 2005) and certificates of conviction with respect to the two prior DWAIs. Officer Gomez testified that at approximately 2:45 a.m. on August 18, 2005, he arrested an individual, whom he identified as the defendant and whose date of birth was in 1940, on the charge of driving while under the influence of alcohol and brought him to the Monroe County Jail for booking procedures. Officer Parks, a police identification technician, testified that based upon his training in fingerprinting, classification, comparison and identification of fingerprints, and the examination and comparison of copies of fingerprints kept on file for previous arrests, the fingerprint records offered by the People were all from the same person, the defendant.
Following the summations of counsel, the trial court provided itself separate legal instructions for determining whether the People had proven beyond a reasonable doubt that the defendant had two prior driving while ability impaired convictions within the last 10 years pursuant to the procedures set forth in CPL 400.40 and the court-constructed “Harris” procedures. Under the “Harris” scheme, the court charged itself as a fact-finder who continued on to the sentencing proceeding and, under CPL 400.40 (5), the trial court charged itself to determine the prior convictions as the court sitting without a jury. The court, in its fact-finding role and in its role as the court without a jury, found that the People had met their burden of proof at the hearing, ultimately determining that the defendant stood before the court “charged with and convicted of driving while ability impaired as a misdemeanor.” Following the completion of the court-ordered presentence investigation and receipt of the Probation Department’s report, the court sentenced the defendant, over defense counsel’s objection, to probation and a fine. A written decision encompassing the court’s rationale for the rulings up to and including sentencing was issued on November 22, 2006. This appeal ensued.
Defendant’s contention that the trial court’s elevation of the level of offense from a traffic infraction to a misdemeanor and imposition of the enhanced penalties in the manner outlined herein above was error has merit. Due process of law elementally requires that a defendant be given notice of the offenses of which he is charged before a trial is conducted to assess his guilt or innocence (US Const, 14th Amend, § 1; NY Const, art I, § 6). Under the statutory scheme devised by the Legislature for prosecution of alcohol and drug-related driving offenses (Vehicle *257 and Traffic Law art 31), the definitions of the specified offenses are set forth in provisions separate and apart from those which specify the grade levels of and prescribed penalties for such offenses. The offenses are defined in Vehicle and Traffic Law § 1192, and section 1193, titled “Sanctions,” classifies those offenses as either traffic infractions, misdemeanor or felony offenses, in addition to setting forth the criminal penalties to which offenders will be subject. For example, with regard to grade of offense based upon a defendant’s prior convictions, section 1193 (1) (a) delineates the offense of misdemeanor driving while ability impaired and, likewise, section 1193 (1) (c) delineates the offense of felony driving while intoxicated.
In this case, the People elected to charge the defendant with driving while intoxicated and gave the defendant proper notice of such fact via a simplified traffic information and supporting deposition. The People neither charged the defendant with DWAI as a misdemeanor nor sought to prosecute him for that offense. It is accepted that such exercise of the district attorney’s authority in this manner was within its broad discretion (see People v Urbaez, 10 NY3d 773, 775 [2008], citing People v Eboli, 34 NY2d 281 [1974]). The constitutional requirement of due process of law did not yield to Judiciary Law § 2-b (3), which the lower court interpreted to allow it, as a court of record, to fashion an alternative process or procedure as a vehicle for charging the defendant with and convicting him of an offense which the People initially declined to prosecute. The conduct of a nonstatutory “Harris” hearing pursuant to Judiciary Law § 2-b (3) for such purpose was error. This simply was not a situation whereby the Legislature omitted to provide a procedure or process and the court could formulate its own to fill a perceived void, ostensibly, in order to effect the ends of justice.
Likewise, the trial court, in its quest to answer the question regarding whether the defendant’s prior convictions come into play after the defendant has been found guilty of the lesser included offense of driving while ability impaired in such a way as to raise the level of the offense to a misdemeanor, erred by utilizing the provisions of CPL 400.40, based upon its reading of Vehicle and Traffic Law § 1193 (1) (a), to craft a postverdict solution for a perceived omission on the part of the People, the Legislature or both. Several reasons support the finding of error.
It is undisputed that the trial court granted the requests made by both the defense counsel and the prosecutor for consideration *258 of driving while ability impaired as a lesser included offense of driving while intoxicated, a charged misdemeanor (Vehicle and Traffic Law § 1193 [1] [b]). The trial court’s granting of counsel’s requests for consideration of this lesser included offense meant that two requirements were met: it was impossible to commit driving while intoxicated without concomitantly committing, by the same conduct, driving while ability impaired (CPL 1.20 [37]) and a reasonable view of the evidence supported a finding that the defendant committed the lesser offense but did not commit the greater (CPL 300.50 [1]; see People v Glover, 57 NY2d 61, 63-64 [1982]).
Moreover, misdemeanor driving while ability impaired and driving while intoxicated are both unclassified misdemeanors, and the former requires proof of two or more prior convictions of Vehicle and Traffic Law § 1192 offenses within the preceding 10 years, an element not required by the latter. For such reasons, misdemeanor driving while ability impaired cannot be a lesser included offense of misdemeanor driving while intoxicated (see People v Jamison, 170 Misc 2d 974, 976 [1996]). Having presented no evidence of the defendant’s prior DWAI convictions during the trial and having expressed its clear intention of seeking a verdict of guilty of either driving while intoxicated or the lesser included offense of driving while ability impaired, the prosecution cannot now be heard to complain that misdemeanor driving while ability impaired was before the court for purposes of rendering its verdict.
Upon rendering its verdict finding the defendant guilty of driving while ability impaired and not guilty of driving while intoxicated, the trial court necessarily determined that such lesser included offense was established by legally sufficient trial evidence (CPL 350.10 [6]). Based upon its announced verdict, the trial court was constrained thereby to proceed to sentencing, to fix a date for a presentence proceeding or to adjourn the matter for purposes of pronouncing sentencing (CPL 380.30 [2] [a], [b], [c]). It has been held that “[a]fter formal rendition of a verdict at a bench trial, a trial court lacks authority to reweigh the factual evidence and reconsider the verdict” (People v Maharaj, 89 NY2d 997, 999 [1997]). The trial court was without authority to conduct further proceedings pursuant to CPL 400.40, the Judiciary Law or any other provision of law for the distinct purposes of altering or changing the verdict rendered to encompass the fact of prior convictions, in any event. Simply because the trial court was acting as both factfinder and judge of law did not permit a different result.
*259 CPL 200.60, applicable to indictments, provides in subdivisions (1) and (2) that, in circumstances wherein the fact that a defendant has been previously convicted of an offense which raises an offense of a lower grade to one of higher grade and thereby becomes an element of the latter, an indictment for such higher offense may not allege such previous conviction, and that such indictment must be accompanied by a special information charging that the defendant was previously convicted of the specified offense (s). This statute further sets forth the procedure the court must follow in order to carry out its underlying purposes and rationale (CPL 200.60 [3] [a], [b]; [4]).
As the trial court acknowledged in its decision, no similar statute exists for local criminal court cases (People v Harris, 14 Misc 3d 497, 510 [2006]). Clearly, the Legislature, without referencing CPL 200.60, has specified in CPL 100.45 that certain other provisions of article 200, applicable to indictments, also apply to informations filed in local criminal courts, i.e., CPL 200.20 (severance of counts and defendants), CPL 200.40 (consolidation of indictments) and CPL 200.95 (bills of particulars). Indeed, in recognition of this omission, several lower court decisions have held that in order to raise the level of an offense based upon the fact of prior convictions, such fact must be alleged in the information and/or in the accompanying supporting deposition (see People v Lazzar, 3 Misc 3d 328, 330 [2004], citing People v Powlowski, 172 Misc 2d 240, 242 [Rochester City Ct 1997]; People v Jackson, 177 Misc 2d 657 [1998]). A different approach, however, was taken in the earlier case of People v Denise L. (159 Misc 2d 1080, 1082 [1994]), wherein the court held that the People were required, pursuant to CPL 200.60, to file a special information charging prior qualifying convictions in order to prosecute the violation of loitering for the purpose of engaging in a prostitution offense as a class B misdemeanor (no special information required where the defendant admits the prior conviction during the plea allocution).
Pursuant to the general rules of statutory construction, “[w]here a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded” (see Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs., 5 NY3d 36, 42-43 [2005], quoting McKinney’s Cons Laws of NY, Book 1, Statutes § 240, Comment, at 411-412). In this court’s view, the omission of the Legislature to include in CPL 100.45 reference to CPL 200.60 *260 as being applicable to local criminal courts informations was intended.
However, whatever the validity of either of the above-referenced approaches for alleging the existence of prior convictions in local criminal court accusatory instruments as an element of an offense, the People utilized neither approach in the instant prosecution. Contrary to the trial court’s position, lawful conviction of misdemeanor driving while ability impaired pursuant to Vehicle and Traffic Law § 1193 (1) (a) required a legally sufficient information alleging the prior offenses (CPL 100.40) and the presentation of proof beyond a reasonable doubt of such qualifying offenses before the close of the People’s case.
In cases where a conviction is entered for an unclassified misdemeanor or for a traffic infraction or for a violation defined outside the Penal Law, CPL 400.40 delineates the authorized procedure for determining prior convictions for the purpose of sentence only (CPL 400.40 [1]). Subdivisions (2), (3), (4) and (5) of CPL 400.40 set forth the applicable steps to be undertaken for such purpose:
“2. Statement to be filed. If it appears that the defendant has a previous judgment of conviction and if the court is required, or in its discretion desires, to impose a sentence that would not be authorized in the absence of such previous judgment, a statement must be filed after conviction and before sentence setting forth the date and place of the previous judgment or judgments and the court must conduct a hearing to determine whether the defendant is the same person mentioned in the record of such judgment or judgments. In any case where an increased sentence is mandatory, the statement may be filed by the court or by the prosecutor. In any case where an increased sentence is discretionary, the statement may be filed only by the court.
“3. Preliminary examination. The defendant must be given a copy of such statement and the court must ask him whether he admits or denies such prior judgment or judgments. If the defendant denies the same or remains mute, the court may proceed with the hearing and, where the increased sentence is mandatory, it must impose such.
“4. Time for hearing. In any case where a copy of the statement was not received by the defendant at *261 least two days prior to the preliminary examination, the court must upon the request of the defendant grant an adjournment of at least two days before proceeding with the hearing.
“5. Manner of conducting hearing. A hearing pursuant to this section must be before the court without a jury. The burden of proof is upon the people and a finding that the defendant has been convicted of any offense alleged in the statement must be based upon proof beyond a reasonable doubt by evidence admissible under the rules applicable to trial of the issue of guilt.” (Emphasis added.)
As a noted commentator has observed:
“This section provides the procedure for recidivist sentencing where offenders convicted of offenses defined outside the Penal Law are subject to increased punishment by reason of prior conviction.
“As in the case of felony recidivist procedures, if the defendant denies the prior conviction it must be proved beyond a reasonable doubt (see subd. 5), and the defendant may eliminate prior convictions obtained in violation of his or her constitutional rights (see Practice Commentaries for CPL § 400.21).” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 400.40, at 91-92.)
Pursuant to the statute’s literal terms, its provisions are triggered by entry of the conviction of a defendant of any of the specified offenses. “Where the language of a statute is clear and unambiguous, courts must give effect to its plain meaning” (Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d 86, 91 [2001]; see also McKinney’s Cons Laws of NY, Book 1, Statutes § 94). Such is the case here. The intended design of, and purposes served by the procedures articulated in CPL 400.40 relate solely to the determination regarding the existence and validity of prior convictions for use in arriving at proper sentencing in the specified instances. The legislative history recited by the trial court (see People v Harris, 14 Misc 3d at 501-503) is not to the contrary. Nothing in the underlying legislative history as it relates to the evolution of CPL 400.40, as presently enacted, leads to the conclusion reached by the trial court — that in addition to providing a framework for enhancing punishment based upon demonstrated recidivism, the statute was designed as a mechanism for *262 enhancing the level of an offense to which the very same recidivist statute applied.
The trial court’s conclusions, in the face of the clear and unambiguous procedures set forth in CPL 400.40, cannot be countenanced. Furthermore, this court finds persuasive the reasoning and conclusions reached by several other courts: a trial court may not conduct a hearing pursuant to CPL 400.40 to elevate the level of offense, i.e., from driving while ability impaired as a traffic infraction to driving while ability impaired as a misdemeanor, based upon the proven existence of prior convictions (see People v Greer, 189 Misc 2d 310 [2001]; People v Jamison, 170 Misc 2d 974 [1996]).
Nor is there any indication that a different result would obtain under CPL 400.40 in cases where the defendant is convicted following a jury trial rather than a bench trial. It is clear, in any event, that the provisions of CPL 400.40 are applicable to any conviction of the offenses specified therein, whether by jury or by plea, and the hearing held to determine any prior convictions for sentencing purposes must be made before the court without a jury.
As the trial court correctly acknowledged, both the United States Supreme Court and the New York State Court of Appeals have iterated that “recidivism is clearly an acceptable criterion for increasing punishment as a sentencing factor that need not be alleged in the accusatory instrument and proved as an element of the crime” (see Almendarez-Torres v United States, 523 US 224 [1998]; Jones v United States, 526 US 227 [1999]; People v Rivera, 5 NY3d 61 [2005]; People v Rosen, 96 NY2d 329 [2001]). CPL 400.40 accords with the rule articulated in Apprendi: “Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt” (Apprendi v New Jersey, 530 US 466, 490 [2000]). A sentencing court’s ability to determine whether a defendant has a prior conviction extends to “the ‘who, what, when, and where’ of a prior conviction” (People v Leon, 10 NY3d 122, 126 [2008]).
Unquestionably, the conduct of a hearing pursuant to CPL 400.40 was proper for determining the appropriate sentence to be imposed in view of the defendant’s recidivist history. The existence of two prior DWAI convictions established at the hearing, however, subjected him to the punishment outlined in Vehicle and Traffic Law § 1193 (1) (a) for a traffic infraction only:
*263 “A violation, of subdivision one of section eleven hundred ninety-two of this article shall be a traffic infraction and shall be punishable by a fine of not less than three hundred dollars nor more than five hundred dollars or by imprisonment in a penitentiary or county jail for not more than fifteen days, or by both such fine and imprisonment. A person who operates a vehicle in violation of such subdivision after having been convicted of a violation of any subdivision of section eleven hundred ninety-two of this article within the preceding five years shall be punished by a fine of not less than five hundred dollars nor more than seven hundred fifty dollars, or by imprisonment of not more than thirty days in a penitentiary or county jail or by both such fine and imprisonment.” (Emphasis added.)
In this case, the hearing proof demonstrated that neither the 1996 nor 1998 conviction occurred within the preceding five years of the instant conviction.
The judgment of conviction of driving while ability impaired as a misdemeanor (Vehicle and Traffic Law § 1193 [1] [a]) is hereby modified to the traffic infraction of driving while ability impaired, and the matter remitted to Rochester City Court for further proceedings in accordance with this decision.